UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| LINGMIN YANG, LANQING LIN, YONG SHAN SU, LIXIAN QIAN,  EN LIN XIAO individually and on behalf of all other employees similarly situated,<br><br>                       Plaintiffs,<br><br>             - against -<br><br>EVERYDAY BEAUTY AMORE INC., BEAUTY ARITAUM CORP., XIU QING SU, and XIN LIN<br><br>                    Defendants. | Case No.<br><br>**COLLECTIVE & CLASS ACTION COMPLAINT AND JURY TRIAL DEMAND** |

Plaintiffs Lingmin Yang ("Yang"), Lanqing Lin ("Yang"), Yong Shan Su ("Yang"), Lixian Qian ("Yang"), En Lin Xiao ("Xiao"on their own behalf and on behalf of all others similarly situated, by and through their undersigned attorneys, Hang & Associates, PLLC, hereby file this complaint against the Defendants EVERYDAY BEAUTY AMORE INC., EVERYDAY BEAUTY ARITAUM CORP., and XIU QING SU (collectively "Defendants"), allege and show the Court the following:

## INTRODUCTION

1.     This is an action brought by Plaintiffs on their own behalf and on behalf of similarly situated employees, alleging violations of the Fair Labor Standards Act, 29 U.S.C. § 201 et seq. ("FLSA") and the New York Labor Law, arising from Defendants' various willful and unlawful employment policies, patterns and/or practices.

2.     Upon information and belief, Defendants have willfully and intentionally committed widespread violations of the FLSA and NYLL by engaging in a pattern and practice of

failing to pay their employees, including Plaintiffs, compensation for all hours worked, minimum wage, and overtime compensation for all hours worked over forty (40) each workweek.

3.      Plaintiffs allege pursuant to the FLSA, that they are entitled to recover from the Defendants: (1) unpaid wages, (2) overtime wages, (3) liquidated damages, (4) prejudgment and post-judgment interest; and (5) attorneys' fees and costs.

4.      Plaintiffs further allege pursuant to New York Labor Law § 650 et seq. and 12 New York Codes, Rules and Regulations §§ 146 ("NYCRR") that they are entitled to recover from the Defendants: (1) unpaid wages; (2) unpaid overtime compensation; (3) unpaid "spread of hours" premium for each day they worked ten (10) or more hours, (4) compensation for failure to provide wage notice at the time of hiring and failure to provide paystubs in violation of the NYLL; (5) liquidated damages equal to the sum of the unpaid "spread of hours" premium and unpaid overtime pursuant to the NY Wage Theft Prevention Act; (6) prejudgment and post-judgment interest; and (7) attorney's fees and costs.

## JURISDICTION AND VENUE

5.      This Court has original federal question jurisdiction over this controversy under 29 U.S.C. §216(b), 28 U.S.C. § 1331, and has supplemental jurisdiction over the New York Labor Law claims pursuant to 28 U.S.C. § 1367(a).

6.      Venue is proper in the Eastern District of New York pursuant to 28 U.S.C. §§ 1391(b) and (c) because Defendants conduct business in this District, and the acts and omissions giving rise to the claims herein alleged took place in this District.

## PLAINTIFFS

7.      Plaintiff Lingmin Yang is a resident of Kings County and was employed by Defendants at their store located at 6301 8th Avenue, store #21, Brooklyn NY 11220 from August 15, 2014 until August 11, 2017.

8.      Plaintiff Lanqing Lin is a resident of Kings County and was employed by Defendants at their store located at 6301 8th Avenue, store #21, Brooklyn NY 11220 from September 18, 2016 until August 11, 2017.

9.      Plaintiff Yong Shan Su is a resident of Kings County and was employed by Defendants at their store located at 6301 8th Avenue, store #21, Brooklyn NY 11220 from July 1, 2016 until August 11, 2017.

10.     Plaintiff Lixian Qian is a resident of Kings County and was employed by Defendants at their store located at 6301 8th Avenue, store #21, Brooklyn NY 11220; 6301 8th Avenue, store #12-13, Brooklyn NY 11220; and 40-24 College Point Blvd, Suite B211, Flushing, NY 11354 from November 17, 2014 until July 22, 2015.

11.     Plaintiff En Lin Xiao is a resident of Kings County and was employed by Defendants at their store located at 6301 8th Avenue, store #21, Brooklyn NY 11220 from April 10, 2017 until August 5, 2017.

## DEFENDANTS

12.     Upon information and belief, Defendant, Everyday Beauty Amore Inc. owns and operates a beauty supply store in Kings County, located at 6301 8th Avenue, store #21, at store #12-13 in the same location, Brooklyn NY 11220, and in Queens County, located at 40-24 College Point Blvd, Suite B211, Flushing, NY 11354.

13.     Upon information and belief, Defendant Everyday Beauty Amore Inc. had gross sales in excess of Five Hundred Thousand Dollars ($500,000) per year. Upon information and belief, Everyday Beauty Amore Inc. purchased and handled goods moved in interstate commerce.

14.     Upon information and belief, Defendant, Everyday Beauty Aritaum Inc. owns and operates a beauty supply store in Kings County, located at 6301 8th Avenue, store #21, Brooklyn NY 11220, at store #12-13 in the same location, and in Queens County, located at 40-24 College Point Blvd, Suite B211, Flushing, NY 11354.

15.     Upon information and belief, Defendant Everyday Beauty Aritaum Inc. had gross sales in excess of Five Hundred Thousand Dollars ($500,000) per year. Upon information and belief, Everyday Beauty Amore Inc. purchased and handled goods moved in interstate commerce.

16.     Upon information and belief, Defendant Su is the owner, officer, director and/or managing agent of Everyday Beauty Amore Inc. and Everyday Beauty Aritaum Inc. Defendant Su participated in the day-to-day operations of Everyday Beauty Amore Inc. and Everyday Beauty Aritaum Inc., and  acted intentionally and maliciously and is an employer pursuant to FLSA, 29 U.S.C. §203d, and regulations promulgated thereunder, 29 C.F.R. §791.2, NYLL §2  and  the regulations  thereunder,  and  is  jointly  and  severally  liable  with  Everyday  Beauty  Amore  Inc. and Everyday Beauty Aritaum Inc.

17.     Upon information and belief, Defendant Su owns the stock of Everyday Beauty Amore Inc. and Everyday Beauty Aritaum Inc., and manages and makes all business decisions including but not limited to the amount in salary the employee will receive and the number of hours employees will work.

18.     Upon information and belief, Defendant Lin is the owner, officer, director and/or managing   agent   of  Everyday  Beauty  Amore  Inc.  and  Everyday  Beauty  Aritaum  Inc.,  and

participated in the day-to-day operations of Everyday Beauty Amore Inc. and Everyday Beauty Aritaum Inc., and acted intentionally and maliciously and is an employer pursuant to FLSA, 29 U.S.C. §203d, and regulations promulgated thereunder, 29 C.F.R. §791.2, NYLL §2 and the regulations thereunder, and is jointly and severally liable with Everyday Beauty Amore Inc. and Everyday Beauty Aritaum Inc.

19.     Upon information and belief, Defendant Lin owns the stock of Everyday Beauty Amore Inc. and Everyday Beauty Aritaum Inc., manages and makes all business decisions including but not limited to the amount in salary the employee will receive and the number of hours employees will work.

20.     At all times relevant herein, Everyday Beauty Amore Inc. and Everyday Beauty Aritaum Inc. were, and continues to be, "enterprises engaged in commerce" within the meaning of FLSA.

21.     At all relevant times, the work performed by Plaintiffs was directly essential to the business operated by Everyday Beauty Amore Inc. and Everyday Beauty Aritaum Inc.

22.     At all relevant times, Defendants knowingly and willfully failed to pay Plaintiffs their lawfully earned minimum wages, overtime compensation, and failed to provide him a wage notice at the time of hiring in violation of the NYLL.

23.     Plaintiffs have fulfilled all conditions precedent to the institution of this action and/ or conditions have been waived.

## STATEMENT OF FACTS

24.     Defendants committed the following alleged acts knowingly, intentionally and willfully.

25.    Defendants knew that the nonpayment of overtime pay, spread of hours pay, and failure to provide the required wage notice at the time of hiring would financially injure Plaintiffs and similarly situated employees and violate state and federal laws.

<u>Plaintiff Yang</u>

26.    From April 20, 2014 until August 11, 2017, Plaintiff Yang was hired by Defendants to work as an in-store salesperson for Defendants' store located at 6301 8th Avenue, store #21, Brooklyn NY 11220.

27.    From April 20, 2014 until the August 11, 2017, Plaintiff Yang worked four to six days per week from 10:00 am to 8:00 pm. Plaintiff Yang therefore worked between forty (40) and sixty (60) hours per week.

28.    From April 20, 2014 until September 26, 2016, Plaintiff Yang was paid $11 per hour.

29.    From September 27, 2016, until August 11, 2017, Plaintiff Yang was paid $12 per hour.

30.    From April 20, 2014 until August 11, 2017, Defendants paid Plaintiff Yang straight-time for all hours worked even though Plaintiff Yang worked over forty (40) hours each week, and therefore failed to pay the overtime premium as required by the FLSA and NYLL.

31.    Plaintiff and another salesperson worked in pairs and split the total commission equally, which was triggered only if the daily gross sale they helped generate exceeded $1,500. The total commission was then calculated at 5% of the amount over the $1,500 threshold [1].

---

[1] If Plaintiff and her partner helped generated $2,000 daily gross sale, the total commission for the day would be %5 of $500 ($25) and Plaintiff would get $12.50 in commission.

Therefore, Plaintiff did not receive any commission when the daily gross sale she and her partner helped generate was lower than or equal to $1,500.

32.    On or about September 18, 2016, Defendants implemented a time clock punch-in system and started paying overtime premium based on Plaintiff Yang's hours worked.

33.    However, Defendants deducted one hour each day for lunch even though Plaintiff Yang was always on call during lunch and was not allowed to leave the business premises.

34.    From September 19, 2016 until September 26, 2016 and from November 5, 2016 until August 11, 2017, Defendants therefore illegally deducted five hours each week from Plaintiff Yang's time worked each week.

Plaintiff Lin

35.    From September 18, 2016 until August 11, 2017, Plaintiff Lin was hired by Defendants to work as an in-store salesperson for Defendants' store located at 6301 8th Avenue, store #21, Brooklyn NY 11220.

36.    From September 18, 2016 until August 11, 2017, Plaintiff Lin worked four to six days per week from 10:00 am to 8:00 pm. Plaintiff Lin therefore worked between forty (40) and sixty (60) hours per week.

37.    From September 18, 2016 until January 7, 2017, Plaintiff Lin was paid $10 per hour.

38.    From January 8, 2017 until August 11, 2017, Plaintiff Lin was paid $10.50 per hour.

39.    Plaintiff and another salesperson worked in pairs and split the total commission equally, which was triggered only if the daily gross sale they helped generate exceeded $1,500. The total commission was then calculated at 5% of the amount over the $1,500 threshold.

Therefore, Plaintiff did not receive any commission when the daily gross sale she and her partner helped generate was lower than or equal to $1,500.

40.     Defendants deducted one hour each day for lunch even though Plaintiff Lin was always on call during lunch and was not allowed to leave the business premises.

41.     From September 18, 2016 until August 11, 2017, Defendants therefore illegally deducted five hours each week from Plaintiff Lin's time worked each week.

<u>Plaintiff Su</u>

42.     From July 1, 2016 until August 11, 2017, Plaintiff Su was hired by Defendants to work as an in-store salesperson for Defendants' store located at 6301 8th Avenue, store #21, Brooklyn NY 11220.

43.     From July 1, 2016 until August 11, 2017, Plaintiff Su worked four to six days per week from 10:00 am to 8:00 pm. Plaintiff Yang therefore worked between forty (40) and sixty (60) hours per week.

44.     From July 1, 2016 until December 30, 2016, Plaintiff Su was paid $9.75 per hour.

45.     From December 31, 2016 until August 11, 2017, Plaintiff Su was paid $10.50 per hour.

46.     Plaintiff and another salesperson worked in pairs and split the total commission equally, which was triggered only if the daily gross sale they helped generate exceeded $1,500. The total commission was then calculated at 5% of the amount over the $1,500 threshold. Therefore, Plaintiff did not receive any commission when the daily gross sale she and her partner helped generate was lower than or equal to $1,500.

47.     Defendants deducted one hour each day for lunch even though Plaintiff Su was always on call during lunch and was not allowed to leave the business premises.

48.     Defendants therefore illegally deducted five hours each week from Plaintiff Su's time worked each week.

Plaintiff Qian

49.     From November 17, 2014 until February 8, 2015, and again from March 25, 2015 until July 22, 2015, Plaintiff Qian was hired by Defendants to work as an in-store salesperson for Defendants' store located at 6301 8th Avenue, store #21, Brooklyn NY 11220.

50.     Throughout the applicable period, Plaintiff Qian worked four to seven days per week from 10:00 am to 8:00 pm. Plaintiff Yang therefore worked between forty (40) and sixty (60) hours per week.

51.     From November 17, 2014 until December 31, 2014, Plaintiff Qian was paid $8 per hour.

52.     From January 1, 2015, until July 22, 2015, Plaintiff Qian was paid $9 per hour.

53.     Plaintiff and another salesperson worked in pairs and split the total commission equally, which was triggered only if the daily gross sale they helped generate exceeded $1,500. The total commission was then calculated at 5% of the amount over the $1,500 threshold. Therefore, Plaintiff did not receive any commission when the daily gross sale she and her partner helped generate was lower than or equal to $1,500.

54.     Throughout the applicable period, Defendants paid Plaintiff Qian straight-time for all hours worked even though Plaintiff Qian worked over forty (40) hours each week, and therefore failed to pay the overtime premium as required by the FLSA and NYLL.

<u>Plaintiff Xiao</u>

55.    From April 10, 2017 until August 5, 2017, Plaintiff Xiao was hired by Defendants to work as an in-store salesperson for Defendants' store located at 6301 8th Avenue, store #21, Brooklyn NY 11220.

56.    From April 10, 2017 until April 15, 2017, Plaintiff Xiao worked five (5) days from 10:00am to 8:00pm.

57.    From April 16, 2017 until August 5, 2017, Plaintiff Xiao worked two to three days per week from 10:00 am to 8:00 pm. Plaintiff Xiao therefore worked between twenty (20) and thirty (30) hours per week.

58.    From April 10, 2017 until April 15, 2017, Plaintiff Xiao was paid $70 per day.

59.    From April 16, 2017 until August 5, 2017, Plaintiff Xiao was paid $10.50 per hour.

60.    Plaintiff and another salesperson worked in pairs and split the total commission equally, which was triggered only if the daily gross sale they helped generate exceeded $1,500. The total commission was then calculated at 5% of the amount over the $1,500 threshold. Therefore, Plaintiff did not receive any commission when the daily gross sale she and her partner helped generate was lower than or equal to $1,500.

61.    Defendants deducted one hour each day for lunch even though Plaintiff Xiao was always on call during lunch and was not allowed to leave the business premises.

62.    Defendants therefore illegally deducted five hours each week from Plaintiff Xiao's time worked each week.

<u>Generally</u>

63.    Defendants did not compensate Plaintiffs for overtime compensation according to state and federal laws.

64.    Plaintiffs were not compensated for New York's "spread of hours" premium for shifts that lasted longer than ten (10) hours.

65.    Defendants did not provide Plaintiffs with a wage notices at the time of their hiring and did not provide pay stubs for each payment.

66.    Defendants committed the following alleged acts knowingly, intentionally and willfully.

67.    Defendants knew that the nonpayment of overtime pay, and "spread of hours" premium would economically injure Plaintiffs and the Class Members by their violation of federal and state laws.

68.    While employed by Defendants, Plaintiffs were not exempt under federal and state laws requiring employers to pay employees overtime.

69.    Plaintiffs and the New York Class Members' workdays frequently lasted longer than 10 hours.

70.    Defendants did not provide Plaintiffs and other Class members with written notices about the terms and conditions of their employment upon hire in relation to their rate of pay, regular pay cycle and rate of overtime pay. These notices were similarly not provided upon Plaintiffs' and other Class members' pay increase(s).

71.    Defendants committed the foregoing acts against the Plaintiffs, the FLSA Collective Plaintiffs, and the Class.

## COLLECTIVE ACTION ALLEGATIONS

72.    Defendants knowingly and willfully operated their business with a policy of not paying Plaintiffs and other similarly situated employees either the FLSA overtime rate (of time and one-half), or the New York State overtime rate (of time and one-half), in violation of the FLSA

and New York Labor Law and the supporting federal and New York State Department of Labor Regulations.

73.    Defendants knowingly and willfully operated their business with a policy of not paying the New York State "spread of hours" premium to Plaintiffs and other similarly situated employees.

74.    Plaintiffs bring this action individually and on behalf of all other and former non-exempt employees who have been or were employed by the Defendants at their store locations for up to the last three (3) years, through entry of judgment in this case (the "Collective Action Period") and whom failed to receive minimum wages, overtime compensation for all hours worked in excess of forty (40) hours per week (the "Collective Action Members"), and have been subject to the same common decision, policy, and plan to not provide required wage notices at the time of hiring, in contravention to federal and state labor laws.

75.    Upon information and belief, the Collective Action Members are so numerous the joinder of all members is impracticable. The identity and precise number of such persons are unknown, and the facts upon which the calculations of that number may be ascertained are presently within the sole control of the Defendants. Upon information and belief, there are more than twenty (20) Collective Action members, who have worked for or have continued to work for the Defendants during the Collective Action Period, most of whom would not likely file individual suits because they fear retaliation, lack adequate financial resources, access to attorneys, or knowledge of their claims. Therefore, Plaintiffs submit that this case should be certified as a collective action under the FLSA, 29 U.S.C. §216(b).

76.    Plaintiffs will fairly and adequately protect the interests of the Collective Action Members, and have retained counsel that is experienced and competent in the field of employment

law and class action litigation. Plaintiffs have no interests that are contrary to or in conflict with those members of this collective action.

77.     This action should be certified as collective action because the prosecution of separate action by individual members of the collective action would risk creating either inconsistent or varying adjudication with respect to individual members of this class that would as a practical matter be dispositive of the interest of the other members not party to the adjudication, or subsequently impair or impede their ability to protect their interests.

78.     A collective action is superior to other available methods for the fair and efficient adjudication of this controversy, since joinder of all members is impracticable. Furthermore, inasmuch as the damages suffered by individual Collective Action Members may be relatively small, the expense and burden of individual litigation makes it virtually impossible for the members of the collective action to individually seek redress for the wrongs done to them. There will be no difficulty in the management of this action as collective action.

79.     Questions of law and fact common to members of the collective action predominate over questions that may affect only individual members because Defendants have acted on grounds generally applicable to all members. Among the questions of fact common to Plaintiffs and other Collective Action Members are:

a. Whether the Defendants employed Collective Action members within the meaning of the FLSA;

b. Whether the Defendants failed to pay the Collective Action Members overtime wages for all hours worked above forty (40) each workweek in violation of the FLSA and the regulation promulgated thereunder;

c. Whether the Defendants maintained a policy of illegally deducting one hour each day for hours that the Collective Action Members were on call.

d. Whether the Defendants failed to pay the Collective Action Members spread of hours payment for each day an employee worked over 10 hours;

e. Whether the Defendants failed to provide the Collective Action Members with a wage notice at the time of hiring as required by the NYLL;

f. Whether the Defendants' violations of the FLSA are willful as that terms is used within the context of the FLSA; and,

g. Whether the Defendants are liable for all damages claimed hereunder, including but not limited to compensatory, punitive, and statutory damages, interest, costs and disbursements and attorneys' fees.

80.    Plaintiffs know of no difficulty that will be encountered in the management of this litigation that would preclude its maintenance as a collective action.

81.    Plaintiffs and others similarly situated have been substantially damaged by Defendants' unlawful conduct.

## CLASS ACTION ALLEGATIONS

82.    Plaintiffs bring their NYLL claims pursuant to Federal Rules of Civil Procedure ("F. R. C. P.") Rule 23, on behalf of all non-exempt persons employed by Defendants at each of their store locations on or after the date that is six years before the filing of the Complaint in this case as defined herein (the "Class Period").

83.    All said persons, including Plaintiffs, are referred to herein as the "Class." The Class members are readily ascertainable. The number and identity of the Class members are determinable from the records of Defendants. The hours assigned and worked, the positions held,

and the rate of pay for each Class Member is also determinable from Defendants' records. For purpose of notice and other purposes related to this action, their names and addresses are readily available from Defendants.  Notice can be provided by means permissible under said F.R.C.P 23.

84.    The proposed Class is so numerous that joinder of all members is impracticable, and the disposition of their claims as a class will benefit the parities and the Court. Although the precise number of such persons is unknown, and the facts on which the calculation of the number is presently within the sole control of the Defendants, upon information and belief, there are more than twenty (20) members of the class.

85.    Plaintiffs' claims are typical of those claims which could be alleged by any member of the Class, and the relief sought is typical of the relief that would be sought by each member of the Class in separate actions.  All the Class members were subject to the same corporate practices of Defendants, as alleged herein, of failing to pay minimum wage, and overtime compensation. Defendants' corporation wide policies and practices, including but not limited to their  failure  to provide a wage notice at the time of hiring, affected all Class members similarly, and Defendants benefited from the same type of unfair and/ or wrongful acts as to each Class member. Plaintiffs and other Class members sustained similar losses, injuries and damages arising from the same unlawful policies, practices and procedures.

86.    Plaintiffs are able to fairly and adequately protect the interests of the Class and has no interests antagonistic to the Class.  Plaintiffs are represented by attorneys who are experienced and competent in representing plaintiffs in both class action and wage and hour employment litigation cases.

87.    A class action is superior to other available methods for the fair and efficient adjudication of the controversy, particularly in the context of wage and hour litigation where

individual Class members lack the financial resources to vigorously prosecute corporate defendants. Class action treatment will permit a large number of similarly situated persons to prosecute their common claims in a single forum simultaneously, efficiently, and without the unnecessary duplication of efforts and expenses that numerous individual actions engender. The losses, injuries, and damages suffered by each of the individual Class members are small in the sense pertinent to a class action analysis, thus the expenses and burden of individual litigation would make it extremely difficult or impossible for the individual Class members to redress the wrongs done to them. Further, important public interests will be served by addressing the matter as a class action. The adjudication of individual litigation claims would result in a great expenditure of Court and public resources; however, treating the claims as a class action would result in a significant saving of these costs. The prosecution of separate actions by individual members of the Class would create a risk of inconsistent and/or varying adjudications with respect to the individual members of the Class, establishing incompatible standards of conduct for Defendants and resulting in the impairment of class members' rights and the disposition of their interests through actions to which they were not parties. The issues in this action can be decided by means of common, class-wide proof. In addition, if appropriate, the Court can, and is empowered to, fashion methods to efficiently manage this action as a class action.

88.    Upon information and belief, defendants and other employers throughout the state violate the New York Labor Law. Current employees are often afraid to assert their rights out of fear of direct or indirect retaliation. Former employees are fearful of bringing claims because doing so can harm their employment, future employment, and future efforts to secure employment. Class actions provide class members who are not named in the complaint a degree

of anonymity which allows for the vindication of their rights while eliminating or reducing these risks.

89.     There are questions of law and fact common to the Class which predominate over any questions affecting only individual class members, including:

a. Whether Defendants employed Plaintiffs and the Class within the meaning of the New York law;

b. Whether Plaintiffs and Class members are entitled to overtime under the New York Labor Law;

c. Whether Defendants maintained a policy of illegally deducting one hour each day for hours that the Collective Action Members were on call.

d. Whether Defendants maintained a policy, pattern and/or practice of failing to pay Plaintiff and the Rule 23 Class spread-of-hours pay as required by the NYLL;

e. Whether the Defendants provided wage notices at the time of hiring to Plaintiffs and class members as required by the NYLL; and,

f. At what common rate, or rates subject to common method of calculation were and are the Defendants required to pay the Class members for their work

## STATEMENT OF CLAIM

### COUNT I
**[Violations of the Fair Labor Standards Act—Minimum Wage
Brought on behalf of the Plaintiff and the FLSA Collective]**

1.     Plaintiffs re-allege and incorporate by reference all preceding paragraphs as though fully set forth herein.

2.     At all relevant times, upon information and belief, Defendants have been, and continue to be, "employers" engaged in interstate "commerce" and/or in the production of

"goods" for "commerce," within the meaning of the FLSA, 29 U.S.C. §§206(a) and §§207(a). Further, Plaintiff is covered within the meaning of FLSA, U.S.C. §§206(a) and 207(a).

3.      At all relevant times, Defendants employed "employees" including Plaintiffs, within the meaning of FLSA.

4.      Upon information and belief, at all relevant times, Defendants have had gross revenues in excess of $500,000.

5.      The FLSA provides that any employer engaged in commerce shall pay employees the applicable minimum wage. 29 U.S.C. § 206(a).

6.      At all relevant times, Defendants had a policy and practice of refusing to pay  the statutory minimum wage to Plaintiffs, and the collective action members, for some or all of the hours they worked.

7.      The FLSA provides that any employer who violates the provisions of 29 U.S.C. §206 shall be liable to the employees affected in the amount of their unpaid minimum compensation, and in an additional equal amount as liquidated damages.

8.      Defendants knowingly and willfully disregarded the provisions of the FLSA as evidenced by failing to compensate Plaintiffs and Collective Class Members at the statutory minimum wage when they knew or should have known such was due and that failing to do so would financially injure Plaintiffs and Collective Action members.

**COUNT II**
**[Violation of New York Labor Law—Minimum Wage**
**Brought on behalf of Plaintiff and Rule 23 Class]**

9.      Plaintiffs re-allege and incorporate by reference all preceding paragraphs as though fully set forth herein.

10.    At all relevant times, plaintiffs were employed by Defendants within the meaning of New York Labor Law §§2 and 651.

11.    Pursuant to the New York Wage Theft Prevention Act, an employer who fails to pay the minimum wage shall be liable, in addition to the amount of any underpayments, for liquidated damages equal to the total of such under-payments found to be due the employee.

12.    Defendants knowingly and willfully violated Plaintiffs' and Class Members' rights by failing to pay them minimum wages in the lawful amount for hours worked.

### COUNT III
### [Violations of the Fair Labor Standards Act—Overtime Wage
### Brought on behalf of the Plaintiffs and the FLSA Collective]

13.    Plaintiffs re-allege and incorporate by reference all preceding paragraphs as though fully set forth herein.

14.    The FLSA provides that no employer engaged in commerce shall employ a covered employee for a work week longer than forty (40) hours unless such employee receives compensation for employment in excess of forty (40) hours at a rate not less than one and one-half times the regular rate at which he or she is employed, or one and one-half times the minimum wage, whichever is greater. 29 USC §207(a).

15.    The FLSA provides that any employer who violates the provisions of 29 U.S.C. §207 shall be liable to the employees affected in the amount of their unpaid overtime compensation, and in an additional equal amount as liquidated damages. 29 USC §216(b).

16.    Defendants' failure to pay Plaintiffs and the FLSA Collective their overtime pay violated the FLSA.

19

17.     At all relevant times, Defendants had, and continue to have, a policy of practice of refusing to pay overtime compensation at the statutory rate of time and a half to Plaintiffs and Collective Action Members for all hours worked in excess of forty (40) hours per workweek, which violated and continues to violate the FLSA, 29 U.S.C. §§201, et seq., including 29 U.S.C. §§207(a)(1) and 215(a).

18.     The FLSA and supporting regulations required employers to notify employees of employment law requires employers to notify employment law requirements. 29 C.F.R. §516.4.

19.     Defendants willfully failed to notify Plaintiffs and FLSA Collective of the requirements of the employment laws in order to facilitate their exploitation of Plaintiff's and FLSA Collectives' labor.

20.     Defendants knowingly and willfully disregarded the provisions of the FLSA as evidenced by their failure to compensate Plaintiffs and Collective Class Members the statutory overtime rate of time and one half for all hours worked in excess of forty (40) per week when they knew or should have known such was due and that failing to do so would financially injure Plaintiffs and Collective Action members.

### COUNT IV
### [Violation of New York Labor Law—Overtime Pay
### Brought on behalf of Plaintiffs and the Rule 23 Class]

21.     Plaintiffs re-allege and incorporate by reference all preceding paragraphs as though fully set forth herein.

22.     Pursuant to the New York Wage Theft Prevention Act, an employer who fails to pay proper overtime compensation shall be liable, in addition to the amount of any underpayments, for liquidated damages equal to the total of such under-payments found to be due the employee.

23.     Defendants' failure to pay Plaintiffs and the Rule 23 Class their overtime pay violated the NYLL.

Defendants' failure to pay Plaintiffs and the Rule 23 Class was not in good faith.

**COUNT V**
**[Violation of New York Labor Law—Spread of Hours Pay**
**Brought on behalf of Plaintiffs and the Rule 23 Class]**

1.     Plaintiffs re-allege and incorporates by reference all preceding paragraphs as though fully set forth herein.

2.     The NYLL requires employers to pay an extra hour's pay for every day that an employee works an interval in excess of ten hours pursuant to NYLL §§190, et seq., and §§650, et seq., and New York State Department of Labor regulations §146-1.6.

3.     Defendants' failure to pay Plaintiffs and Rule 23 Class spread-of-hours pay was not in good faith.

**COUNT VI**
**[Violation of New York Labor Law—Time of Hire Wage Notice Requirement]**

91.     Plaintiffs re-allege and incorporate by reference all preceding paragraphs as though fully set forth herein.

92.     The NYLL and supporting regulations require employers to provide written notice of the rate or rates of pay and the basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; allowances, if any, claimed as a part of minimum wage, including tip, meal, or lodging allowances; the regular pay day designated by the employer; the name of the employer; any "doing business as" names used by the employer; the physical address of employer's main office or principal place of business, and a mailing address if different; the telephone number of the employer.  NYLL §195-1(a).

93.     Defendants intentionally failed to provide notice to employees in violation of New York Labor Law § 195, which requires all employers to provide written notice in the employee's primary language about the terms and conditions of employment related to rate of pay, regular pay cycle and rate of overtime on his or her first day of employment.

94.     Defendants not only did not provide notice to each employee at Time of Hire, but failed to provide notice to each Plaintiff even after the fact.

95.     Due to Defendants' violations of New York Labor Law, each Plaintiff is entitled to recover from Defendants, jointly and severally, $50 for each workday that the violation occurred or continued to occur, up to $5,000, together with costs and attorneys' fees pursuant to New York Labor Law. N.Y. Lab. Law §198(1-b).

## COUNT VII
## [Violation of New York Labor Law—New York Pay Stub Requirement]

96.     Plaintiffs re-allege and incorporate by reference all preceding paragraphs as though fully set forth herein.

97.     The NYLL and supporting regulations require employers to provide detailed paystub information to employees every payday. NYLL §195-1(d).

98.     Defendants have failed to make a good faith effort to comply with the New York Labor Law with respect to compensation of each Plaintiff, and did not provide the paystub on or after each Plaintiffs' payday.

99.     Due to Defendants' violations of New York Labor Law, each Plaintiff is entitled to recover from Defendants, jointly and severally, $250 for each workday of the violation, up to $5,000 for each Plaintiff together with costs and attorneys' fees pursuant to New York Labor Law N.Y. Lab. Law §198(1-d).

**Prayer For Relief**

WHEREFORE, Plaintiffs, on behalf of themselves, and the FLSA collective plaintiffs and rule 23 class, respectfully request that this court enter a judgment providing the following relief:

a)      Authorizing plaintiffs at the earliest possible time to give notice of this collective action, or that the court issue such notice, to all persons who are presently, or have been employed by defendants as non-exempt tipped or non-tipped employees. Such notice shall inform them that the civil notice has been filed, of the nature of the action, of their right to join this lawsuit if they believe they were denied proper hourly compensation and premium overtime wages;

b)    Certification of this case as a class action pursuant to Rule 23 of the Federal Rules of Civil Procedure;

c)    Designation of Plaintiffs as representatives of the Rule 23 Class, and counsel of record as Class counsel;

d)    Certification of this case as a collective action pursuant to FLSA;

e)     Issuance of notice pursuant to 29 U.S.C. § 216(b) to all similarly situated members of the FLSA opt-in class, apprising them of the pendency of this action, and permitting them to assert timely FLSA claims and state claims in this action by filing individual Consent to Sue forms pursuant to 29 U.S.C. § 216(b), and appointing Plaintiffs and his counsel to represent the Collective Action Members;

f)     A declaratory judgment that the practices complained of herein are unlawful under FLSA and New York Labor Law;

g)     An injunction against Everyday Beauty Amore Inc., its officers, agents, successors, employees, representatives and any and all persons acting in concert with them as provided

by law, from engaging in each of unlawful practices and policies set forth herein;

h)    An award of unpaid wages and minimum wages due Plaintiffs and the Collective Action members under the FLSA and New York Labor Law, plus compensatory and liquidated damages in the amount of twenty five percent under NYLL §§190 et seq., §§650 et seq., and one hundred percent after April 9, 2011 under NY Wage Theft Prevention Act, and interest;

i)    An award of unpaid overtime wages due under FLSA and New York Labor Law;

j)    An award of unpaid "spread of hours" premium due under the New York Labor Law;

k)    An award of damages for Defendants' failure to provide wage notice at the time of hiring as required under the New York Labor Law.

l)    An award of liquidated and/or punitive damages as a result of Defendants' knowing and willful failure to pay wages, minimum wages and overtime compensation pursuant to 29 U.S.C. §216;

m)    An award of liquidated and/ or punitive damages as a result of Defendants' willful failure to pay wages, minimum wages, overtime compensation and "spread of hours" premium pursuant to New York Labor Law;

n)    An award of non-monetary damages including, but not limited to, compensation for Plaintiff's humiliation and emotional distress and suffering, in an amount to be determined at trial, and punitive damages, together with interest thereon from the time of the initial loss until satisfaction of judgment as well as with post-judgment interest thereon;

o)    An award of costs and expenses of this action together with reasonable attorneys' and expert fees pursuant to 29 U.S.C. §216(b) and NYLL §§198 and 663;

p)    The cost and disbursements of this action;

q)    An award of prejudgment and post-judgment fees;

r)    Providing that if any amounts remain unpaid upon the expiration of ninety days following the issuance of judgment, or ninety days after expiration of the time to appeal and no appeal is then pending, whichever is later, the total amount of judgment shall automatically increase by fifteen percent, as required by NYLL §198(4); and

s)    Such other and further legal and equitable relief as this Court deems necessary, just, and proper.

## JURY TRIAL DEMAND

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, the Plaintiff, on behalf of himself and the Collective Action Members and members of the Class, demand a trial by jury on all questions of fact raised by the complaint.

Dated:  Flushing, New York February 1, 2018          HANG & ASSOCIATES, PLLC.

*/S/ PHILLIP H. KIM*
Phillip H. Kim, Esq.
136-18 39th Ave., Suite 1003
Flushing, New York 11354
Tel: 718.353.8588
pkim@hanglaw.com
*Attorneys for Plaintiffs*

# EXHIBIT 1

**CONSENT TO SUE UNDER**
**FEDERAL FAIR LABOR STANDARDS ACT**

I am an employee currently or formerly employed by Everyday Beauty Aritaum Corp, Everyday Beauty Amore Inc., Xiu Qing Su and/or related entities and individual. I consent to be a plaintiff in an action to collect unpaid wages. I agree that I am bound by the terms of the Contingent Fee Retainer signed by the named plaintiff in this case.

*LingMin Yang*
Full Legal Name (Print)

Signature

9/1/2017
Date

## CONSENT TO SUE UNDER
## FEDERAL FAIR LABOR STANDARDS ACT

I am an employee currently or formerly employed by Everyday Beauty Aritaum Corp, Everyday Beauty Amore Inc., Xiu Qing Su and/or related entities and individual. I consent to be a plaintiff in an action to collect unpaid wages.  I agree that I am bound by the terms of the Contingent Fee Retainer signed by the named plaintiff in this case.

*Langing Lin*

Full Legal Name (Print)

Signature

9/1/2017

Date

**CONSENT TO SUE UNDER**
**FEDERAL FAIR LABOR STANDARDS ACT**

I am an employee currently or formerly employed by Everyday Beauty Aritaum Corp, Everyday Beauty Amore Inc., Xiu Qing Su and/or related entities and individual. I consent to be a plaintiff in an action to collect unpaid wages. I agree that I am bound by the terms of the Contingent Fee Retainer signed by the named plaintiff in this case.

Yong Shan   Su
_____
Full Legal Name (Print)

_____
Signature

9/1/2017
_____
Date

**CONSENT TO SUE UNDER**
**FEDERAL FAIR LABOR STANDARDS ACT**

I am an employee currently or formerly employed by Everyday Beauty Aritaum Corp, Everyday Beauty Amore Inc., Xiu Qing Su and/or related entities and individual. I consent to be a plaintiff in an action to collect unpaid wages. I agree that I am bound by the terms of the Contingent Fee Retainer signed by the named plaintiff in this case.

_Lixian Qian_
Full Legal Name (Print)

_[signature]_
Signature

_01/1/2017_
Date

**CONSENT TO SUE UNDER**
**FEDERAL FAIR LABOR STANDARDS ACT**

I am an employee currently or formerly employed by Everyday Beauty Aritaum Corp, Everyday Beauty Amore Inc., Xiu Qing Su and/or related entities. I consent to be a plaintiff in an action to collect unpaid wages. I agree that I am bound by the terms of the Contingent Fee Retainer signed by the named plaintiff in this case.

EN LIN XIAO
Full Legal Name (Print)

Signature

10/20/2017
Date

# EXHIBIT 2

## NOTICE OF INTENTION TO ENFORCE SHAREHOLDER LIABILITY
## FOR SERVICES RENDERED

TO:    XIU QING SU

      PLEASE TAKE NOTICE, that pursuant to the provisions of Section 630 of the Business Corporation Law of New York, you are hereby notified that JIA HU QIAN and ZENG HAI LIN, and others similarly situated intend to charge you and hold you personally liable, jointly and severally, as one of the ten largest shareholders of LU SHAN 8 LLC d/b/a OISHII for all debts, wages, and/or salaries due and owing to them as laborers, servants and/or employees of the said corporations for services performed by them for the said corporations within the six (6) years preceding the date of this notice and have expressly authorized the undersigned, as their attorney, to make this demand on their behalf.


      Dated: February 1, 2018

### NOTICE OF INTENTION TO ENFORCE SHAREHOLDER LIABILITY
### FOR SERVICES RENDERED

TO:    YAN QIN ZHENG

PLEASE TAKE NOTICE, that pursuant to the provisions of Section 630 of the Business Corporation Law of New York, you are hereby notified that JIA HU QIAN and ZENG HAI LIN, and others similarly situated intend to charge you and hold you personally liable, jointly and severally, as one of the ten largest shareholders of GOLDEN FOUNTAIN CHINESE KITCHEN for all debts, wages, and/or salaries due and owing to them as laborers, servants and/or employees of the said corporations for services performed by them for the said corporations within the six (6) years preceding the date of this notice and have expressly authorized the undersigned, as their attorney, to make this demand on their behalf.


Dated: February 1, 2018

# EXHIBIT 3

**DEMAND BY EMPLOYEES TO INSPECT SHARE RECORDS AND
MINUTES PURSUANT TO SECTION 624 OF THE NEW YORK STATE
BUSINESS CORPORATION LAW**

TO:    EVERYDAY BEAUTY AMORE INC.
       6301 8th Ave., Store #21, #12-13
       Brooklyn, New York, 11220

      PLEASE TAKE NOTICE, that XIAO RUI ZHANG, WEN YING GONG, YAN NING HUANG and others similarly situated as employees of the above corporations who intend to demand, pursuant to the provisions of Section 630 of the Business Corporation Law of New York, payment of debts, wages and/or salaries due and owing to them as laborers, servants and/or employees of the above corporations for services performed by them for the above corporations within the six (6) years preceding the date of this notice from the ten largest shareholders of the above corporations, and who have expressly authorized the undersigned, as their attorney, to make this demand on their behalf.

      HEREBY DEMAND the right to examine, in person or by agent or attorney, during usual business hours, the minutes of the proceedings of the shareholders and records of shareholders of the above corporations and to make extracts therefrom on or after five (5) days from receipt of this notice.

      Dated: February 1, 2018

### DEMAND BY EMPLOYEES TO INSPECT SHARE RECORDS AND MINUTES PURSUANT TO SECTION 624 OF THE NEW YORK STATE BUSINESS CORPORATION LAW

TO:    BEAUTY ARITAUM CORP.
      6301 8th Ave., Store #21, #12-13
      Brooklyn, New York, 11220

PLEASE TAKE NOTICE, that XIAO RUI ZHANG, WEN YING GONG, YAN NING HUANG and others similarly situated as employees of the above corporations who intend to demand, pursuant to the provisions of Section 630 of the Business Corporation Law of New York, payment of debts, wages and/or salaries due and owing to them as laborers, servants and/or employees of the above corporations for services performed by them for the above corporations within the six (6) years preceding the date of this notice from the ten largest shareholders of the above corporations, and who have expressly authorized the undersigned, as their attorney, to make this demand on their behalf.

HEREBY DEMAND the right to examine, in person or by agent or attorney, during usual business hours, the minutes of the proceedings of the shareholders and records of shareholders of the above corporations and to make extracts therefrom on or after five (5) days from receipt of this notice.

Dated: February 1, 2018

38