**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**

LANQING LIN,

YONG SHAN SU,

LIXIAN QIAN, and

EN LIN XIAO, and

MEI HUI JIANG,

*on their own behalf and on behalf of others similarly situated,*
*and*

YANG LINGMIN,

*on her own behalf,*

                         Plaintiffs,

       v.

EVERYDAY BEAUTY AMORE INC.;

EVERYDAY BEAUTY ARITAUM CORP.;

EVERYDAY BEAUTY MISSHA CORP.;

EVERYDAY AMORE LLC;

EVERYDAY BEAUTY SHOP, INC.;

EVERYDAY GROUP LLC;

EVERYDAY BEAUTY ARITAUM LAB INC.;

EVERYDAY BEAUTY CORP.;

EVERYDAY BEAUTY LG INC.;

EVERYDAY BEAUTY NATURE COLLECTION CORP.;

EVERYDAY BEAUTY SHISEIDO CORP.;

EVERYDAY BEAUTY SUPPLY INC.;

JOHN DOE CORP. 1;

JOHN DOE CORP. 2;

JOHN DOE CORP. 3;

JOHN DOE CORP. 4;

JOHN DOE CORP. 5;

JOHN DOE CORP. 6;

JOHN DOE CORP. 7;

JOHN DOE CORP. 8;

JOHN DOE CORP. 9;

JOHN DOE CORP. 10;

JOHN DOE CORP. 11;

XIU QING SU, and

XIN LIN,

                     Defendants.

Case No. 18-cv-00729-BMC

EVERYDAY BEAUTY AMORE INC., and
EVERYDAY BEAUTY ARITAUM CORP.,

                                        Counterclaim- Plaintiffs,

        v.

LINGMIN YANG,
LANQING LIN,
YONG SHAN SU,
LIXIAN QIAN,
EN LIN XIAO, and
MEI HUI JIANG,

                                        Counterclaim-Defendants.

**DEFENDANTS' MEMORANDUM OF LAW IN PARTIAL OPPOSITION TO PLAINTIFFS' MOTION FOR (1) CONDITIONAL CERTIFICATOIN PURSUANT TO THE FAIR LABOR STANDARDS ACT; (2) COURT-FACILITATED NOTICE TO SIMILARLY SITUATED PERSONS; AND (3) DISCLOSURE OF CONTACT INFORMATION**

## TABLE OF CONTENTS

TABLE OF CONTENTS.................................................................................................. i

TABLE OF AUTHORITIES ........................................................................................... ii

PRELIMINARY STATEMENT ...................................................................................... 1

FACTUAL BACKGROUND ........................................................................................... 1

LEGAL STANDARD....................................................................................................... 4

ARGUMENT .................................................................................................................... 4

I.      NAMED PLAINTIFFS HAVE ESTABLISHED THEY ARE SIMILARLY SITUATED
        ONLY AS TO RETAIL SALES EMPLOYEES, AND ONLY THOSE AT STORES
        WHERE NAMED PLAINTIFFS WORKED OR STORES WHERE THEY ASSERT
        SIMILAR CIRCUMSTANCES ........................................................................... 4

II.     PLAINTIFFS' PROPOSED NOTICE MUST BE MODIFIED. ........................... 8

        A.      THE NOTICE PERIOD IS THREE YEARS FROM THE DATE OF ANY ORDER
                REGARDING CONDITIONAL CERTIFICATION; EQUITABLE TOLLING IS
                NOT WARRANTED ON THIS RECORD. .............................................. 8

        B.      NAMED PLAINTIFFS ARE NOT SIMILARLY SITUATED TO INDIVIDUALS
                WHO SIGNED ARBITRATION AGREEMENTS WITH CLASS AND
                COLLECTIVE ACTION WAIVERS...................................................... 9

        C.      A NEUTRAL THIRD-PARTY SHOULD ADMINISTER THE NOTICE
                PROCESS. ................................................................................... 10

        D.      THE PROPOSED NOTICE MUST BE MODIFIED TO INCORPORATE
                ADDITIONAL REVISIONS THAT HAVE BEEN APPROVED BY COURTS IN
                THIS DISTRICT.......................................................................... 11

CONCLUSION........................................................................................................... 14

i

## TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Alvarez v. Michael Anthony George Const. Corp.*,
 10-cv-5894 (DRH)(AKT), 2011 U.S. Dist. LEXIS 148456 (E.D.N.Y. Dec. 27,
 2011) ................................................................................................................................12

*In re American Family Mutual Insurance Co.*, *Overtime Pay Litigation*,
 06-cv-17430 (WYD)(CBS), 2009 U.S. Dist. LEXIS 11169 (D. Colo. Feb. 3,
 2009) ................................................................................................................................10

*Anjum v. J.C. Penney Co.*,
 13 CV 460, 2015 U.S. Dist. LEXIS 73820 (E.D.N.Y. June 5, 2015).....................................11

*Bowens v. Atl. Maint. Corp.*,
 546 F. Supp. 2d 55 (E.D.N.Y. 2008) .............................................................................14

*Cheng XiaWang v. Shun Lee Palace Rest., Inc.*,
 No. 17-CV-00840 (VSB), 2018 U.S. Dist. LEXIS 108437 (S.D.N.Y. June 28,
 2018) ..................................................................................................................................9

*Contrera v. Langer*,
 278 F. Supp. 3d 702, 723 (S.D.N.Y. 2017).........................................................................8, 9

*Dalton v. Gem Fin. Servs.*,
 15 Civ. 5636, 2016 U.S. Dist. LEXIS 88007 (E.D.N.Y. Jul. 7, 2016) ...................................13

*Gao v. Yellowstone Transportation*,
 15-cv-7439-LDW-AYS (E.D.N.Y.)...................................................................................10

*Gortat v. Capala Bros., Inc.*,
 No. 07-cv-3629 (ILG)(SMG), 2009 U.S. Dist. LEXIS 101837 (E.D.N.Y. Oct.
 16, 2009) ...........................................................................................................................13

*Hamadou v. Hess Corp.*,
 915 F. Supp. 2d 651 (S.D.N.Y. 2013)....................................................................................7

*Hanchard-James v. Brookdale Family Care Ctrs.*,
 No. 12 Civ. 1922 (BMC), 2012 U.S. Dist. LEXIS 113118 ...............................................11, 12

*Hoffman-La Roche Inc. v. Sperling*,
 493 U.S. 165 (1989)...............................................................................................................4

*Hotaranu v. Star Nissan Inc.*,
    No. 16 CV 5320 (KAM) (RML), 2017 U.S. Dist. LEXIS 56801 (E.D.N.Y.
    Apr. 12, 2017) ................................................................................................................8

*Jenkins v. TJX Cos.*,
    853 F. Supp. 2d 317 (E.D.N.Y. 2012) ..........................................................................4

*Knox v. John Varvatos Enters.*,
    282 F. Supp. 3d 644, 658 (S.D.N.Y. 2017).....................................................................9

*Leier v. Lincoln Limousine Luxury Inc.*,
    14-CV-03121 (PKC) (PK) (E.D.N.Y., filed May 14, 2014), Docket No. 70 ...........8

*Lewis v. Wells Fargo & Co.*,
    669 F.Supp. 2d 1124 (N.D. Cal. Oct. 26, 2009) .........................................................10

*Lujan v. Cabana Mgmt.*,
    No. 10-CV-755 (ILG), 2011 U.S. Dist. LEXIS 9542 (E.D.N.Y. Feb. 1, 2011) .................8, 14

*Martin v. Sprint/United Mgmt. Co.*,
    No. 15 Civ. 5237 (PAE), 2016 U.S. Dist. LEXIS 352 (S.D.N.Y. Jan. 4, 2016).......................8

*McBeth v. Gabrielli Truck Sales, Ltd.*,
    768 F. Supp. 2d 396 (E.D.N.Y. 2011) .................................................................4, 8

*Morangelli v. Chemed Corp.*,
    No. 10-cv-0876 (BMC), 2010 U.S. Dist. LEXIS 146149 (E.D.N.Y. June 15,
    2010) ......................................................................................................................9, 12

*Myers v. Hertz Corp.*,
    624 F.3d 537 (2d Cir. 2010)............................................................................................4

*Ritz v. Mike Rory Corp.*,
    No. 12 CV 367 (JBW)(RML), 2013 U.S. Dist. LEXIS 61634 (E.D.N.Y. Apr.
    29, 2013) ....................................................................................................................8

*Robinson v. Empire Equity Group, Inc.*,
    WDQ-09-1603, 2009 U.S. Dist. LEXIS 107607 (D. Md. Nov. 18, 2009) .............10

*Sharma v. Burberry Ltd.*,
    No. CV 12-6356 (LDW) (AKT), 2014 U.S. Dist. LEXIS 124382 (E.D.N.Y.
    Sept. 4, 2014) ............................................................................................................7

*Siewmungal v. Nelson Mgmt. Group Ltd.*,
    11-cv-5018 (BMC), 2012 U.S. Dist. LEXIS 28181 (E.D.N.Y. Mar. 3, 2012).......................13

*Sobczak v. AWL Indus.*,
    540 F. Supp. 2d 354 (E.D.N.Y. 2007) ...........................................................5, 12

*Trinidad v. Pret A Manger*,
    962 F. Supp. 2d 545 (S.D.N.Y. 2013)...........................................................................7

**Statutes**

Fair Labor Standards Act.................................................................................1, 2, 4, 12

New York Labor Law ...............................................................................................12

Defendants Everyday Beauty Amore Inc., Everyday Beauty Aritaum Corp., Everyday Beauty Missha Corp., Everyday Amore LLC, Everyday Beauty Shop, Inc., Everyday Group LLC, Everyday Beauty Aritaum Lab Inc., Everyday Beauty Corp., Everyday Beauty LG Inc., Everyday Beauty Nature Collection Corp., Everyday Beauty Shiseido Corp., Everyday Beauty Supply Inc. (collectively, only for the purposes of this submission, "Corporate Defendants"), and Xiu Qing Su (together with Corporate Defendants, "Defendants") respectfully submit this Memorandum of Law in Partial Opposition to Plaintiffs' Motion for Conditional Certification Pursuant to the Fair Labor Standards Act, Court-Facilitated Notice to Similarly Situated Persons, and Disclosure of Contact Information.

## PRELIMINARY STATEMENT

Defendants do not contest Plaintiffs' request for the Court to issue notice to the putative collective.  In fact, Defendants sought to negotiate the form of collective action notice with Plaintiffs as this Court suggested.  While Plaintiffs first agreed to negotiate, they retracted, then agreed again, only to reverse course once more without explanation and file their motion for conditional certification.  Defendants submit only partial opposition to Plaintiffs' application to ensure the breadth, terms, and manner of dissemination of any notice are consistent with this Court's previous decisions on collective action notice.

## FACTUAL BACKGROUND

Named Plaintiffs Langqing Lin, Yong Shan Su, Lixian Qian, En Lin Xiao, and Mei Hui Jiang ("Named Plaintiffs") are former retail sales employees at certain stores operated by some of the Corporate Defendants.  *See generally* Dkt 8-12, 129-188.[1]  On October 23, 2018, this Court

---

[1] A sixth Plaintiff, Lingmin Yang, is not proceeding as a purported representative Plaintiff, and the motion for conditional certification is not filed on her behalf.  *See generally* Dkt 71; *Compare* First Amended Complaint, DKT 12 (Lingmin Yang identified as a purported representative Plaintiff) *with* Second Amended Complaint, DKT 51 (identifying Named Plaintiffs as proceeding "on their own behalf and on behalf of others similarly situated" and Lingmin Yang as proceeding "on her own behalf.").

directed Named Plaintiffs to file any motion for conditional collective certification by November 13, 2018, and Defendants to "carefully consider whether it is in their interest to consent to the relief and negotiate the form of notice with plaintiffs, considering the liberal standard for granting such motions and the fee-switching provision of the FLSA." *See* October 23, 2018 Scheduling Order.

On October 26, 2018, Plaintiffs contacted Defendants asking if Defendants would consent to conditional certification.   See Declaration of Douglas J. Klein, Esq. in Partial Opposition to Plaintiffs' Motion for Conditional Certification, Court-Facilitated Notice to Similarly Situated Persons and Disclosure of Contact Information ("Klein Decl."), ¶ 2, Ex. A.   On October 29, 2018, Defendants responded to Plaintiffs, informed them Defendants would discuss the possibility of consenting, and asked Plaintiffs to send a proposed stipulation and notice.   Klein Decl. ¶ 3, Ex. A.  On November 1, 2018, Plaintiffs emailed Defendants a proposed stipulation and notice in .PDF format.  Klein Decl. ¶ 4, Ex. B.  Defendants immediately responded requesting the documents in Microsoft Word format so Defendants could prepare proposed redline changes.  Klein Decl. ¶ 5, Ex. B.  Plaintiffs provided the documents in Microsoft Word the same day.  Klein Decl. ¶ 6, Ex. B.

On November 6, 2018, at 2:19 P.M., Plaintiffs contacted Defendants asking about the status of Defendants' proposed revisions.  Klein Decl. ¶ 7, Ex. B.  On November 7, 2018, at 10:56 A.M., Plaintiffs again emailed Defendants, and stated Plaintiffs would proceed with a motion for conditional certification if they did not hear from Defendants by the end of the day.  Klein Decl. ¶ 8, Ex. B.  Defendants immediately responded they were still reviewing the proposed stipulation and notice, expected to have proposed changes to Plaintiffs soon, and would consent to

an extension of time for Plaintiffs to file their motion in the event the parties could not reach an agreement.  Klein Decl. ¶ 9, Ex. B.

The next day, November 8, 2018 at 3:14 P.M., Defendants sent Plaintiffs proposed redline revisions to the stipulation and notice.   Klein Decl. ¶ 10, Exs. C and D.  Two hours later, Counsel for Plaintiffs, John Troy, called Counsel for Defendants, Douglas Klein.  Klein Decl. ¶ 11.  Mr. Troy said Plaintiffs would not stipulate to notice and hung up the telephone.  Klein Decl. ¶ 12.  Defendants immediately emailed Plaintiffs to inform Plaintiffs of Defendants' continued hope to reach an agreement regarding notice despite Plaintiffs' Counsel's conduct on the telephone.  Klein Decl. ¶ 13, Ex. B.

On November 12, 2018, Aaron Schweitzer, an associate of Mr. Troy, called Mr. Klein to renew discussions over the terms of Defendants' proposed notice and stipulation.  Klein Decl. ¶ 14.  Mr. Schweitzer and Mr. Klein agreed in principle on several issues about a revised stipulated notice, including: (1)  striking the "John Doe" Defendants from the notice; (2) notice to be sent only to employees who performed retail sales work; (3) notice not to be sent to individuals who signed an arbitration agreement with a class and collective action waiver; (4) use of a third party administrator to distribute notice  if Defendants paid the cost; and (5) sixty days for putative collective members to file consent to join the case.  Klein Decl. ¶ 15.   After the call, Defendants emailed Plaintiffs, stated Defendants would confirm whether Defendants would agree to cover the costs of a third party administrator, and suggested the parties seek a brief extension of time to file a stipulation and proposed notice with the Court given the parties' progress.   Klein Decl. ¶ 16, Ex. D.

One hour later, Plaintiffs responded to Defendants, reversed course again, and advised Defendants that Plaintiffs would not stipulate to notice.  Klein Decl. ¶ 17, Ex. D.

Defendants responded: "We are hopeful the parties can discuss the terms of a stipulated notice. We expect that Judge Cogan would want such cooperation between the parties."   Klein Decl. ¶ 18, Ex. D.   Plaintiffs filed their motion on November 13, 2018 without further contact with Defendants.  Klein Decl. ¶ 19.

## LEGAL STANDARD

District courts may only conditionally certify a collective action in "appropriate cases" where the plaintiffs prove they are "similarly situated" to those they seek to represent. *Hoffman-La Roche Inc. v. Sperling*, 493 U.S. 165, 177 (1989); *Myers v. Hertz Corp.*, 624 F.3d 537, 554-55 (2d Cir. 2010).   While a plaintiff's burden at this stage is modest, "it is not non-existent."  *Jenkins v. TJX Cos.*, 853 F. Supp. 2d 317, 321, 323 (E.D.N.Y. 2012).  Here, for the purpose of avoiding unnecessary motion practice, Defendants do not contest the issuance of notice subject to the terms outlined below.

## ARGUMENT

I.   **NAMED PLAINTIFFS HAVE ESTABLISHED THEY ARE SIMILARLY SITUATED ONLY AS TO RETAIL SALES EMPLOYEES, AND ONLY THOSE AT STORES WHERE NAMED PLAINTIFFS WORKED OR STORES WHERE THEY ASSERT SIMILAR CIRCUMSTANCES**

Named Plaintiffs worked only as retail *sales* employees.  (Dkt. 70-6, ¶ 3; Dkt. 70-7, ¶ 3; Dkt. 70-9, ¶ 3, Dkt. 70-10, ¶ 3).   Yet they ask this Court to permit them to send notice to all non-exempt employees and exempt managers employed by Defendants.  (Dkt. 71, at 16) ("Here, Plaintiffs can make a substantial showing that they and all similarly-situated non-managerial employees *including exempt managers* employed by Defendants were subject to a common policy or plan that violated the FLSA . . .") (emphasis added).  Named Plaintiffs have not satisfied even a modest showing as to such a broad group.

4

First, the scope of the request is contrary to Named Plaintiffs' own pleadings. Indeed, in their Second Amended Complaint, Named Plaintiffs assert they seek to represent only non-exempt employees, not exempt managers. Dkt. 51, at ¶ 189 ("Plaintiffs bring this action individually and as a class representative [sic] individually and on behalf of all other and [sic] former non-exempt employees who have been or were employed by Defendants for up to the last three (3) years, through entry of judgment in this case (the "Collective Action Period") and whom were not compensated at their promised hourly rate for all hours worked and at one and one half times their promised work for all hours worked in excess of forty (40) hours per week (the "Collective Action Members")). Dkt. 51, at ¶ 189. Therefore, the scope of Named Plaintiffs' conditional certification request is at odds with their own pleadings. Named Plaintiffs are not similarly situated to exempt managers by their own admission.[2]

Second, even if the Court permits notice, it should be sent only to former and current retail sales employees at the stores where Named Plaintiffs and those retail sales employees whom Named Plaintiffs discussed in their declarations, because those are the only individuals, if any, who Named Plaintiffs have established they are similar to. *Sobczak v. AWL Indus.*, 540 F. Supp. 2d 354, 364 (E.D.N.Y. 2007) ("In addition, the notice should only be sent to those current and former employees of defendants with similar occupational titles to the named and opt-in plaintiffs.").

The Second Amended Complaint asserts claims on behalf of individuals at twenty stores. However, even if the parties assumed the specific stores Named Plaintiffs identify in their declarations are accurate, there are only five stores where Named Plaintiffs worked:

    1. 6301 Eighth Avenue, Store #21, Brooklyn, NY 11220 (Dkt. 70-6, ¶ 3; Dkt.

---

[2] This is further supported by the fact that Lingmin Yang, a manager, is not proceeding as a representative Plaintiff in this action. *See supra* fn. 1.

70-8 ¶ 3(1); Dkt. 70-9 ¶ 3; Dkt. 70-10 ¶ 3);

2. Fei Long Supermarket Aritaum (Dkt. 70-7, ¶ 3);

3. 6301 8th Avenue, Store #12-13, Brooklyn NY 11220 (Dkt. 70-8 ¶ 3(2));

4. 40-24 College Point Blvd, Suite B211, Flushing, NY 11354 (the "Skyview Store") (Dkt. 70-8 ¶ 3(4)); and

5. 136-20 Roosevelt Avenue, Unit 202-205, Flushing, NY 11354 (the "New World Mall" store) (Dkt. 70-8 ¶ 3(5)).

Further, they attest to speaking with sales workers who worked at only five other stores:

1. 86th Street Store (Dkt. 70-6 ¶ 39; Dkt. 70-7 ¶ 23; Dkt. 70-7 ¶ 27; Dkt. 70-7 ¶ 49);

2. Everyday Beauty (Dkt. 70-7 ¶ 21; Dkt. 70-7 ¶ 35; Dkt. 70-7 ¶ 41; Dkt. 70-7 ¶ 44; Dkt. 70-9 ¶ 12; Dkt. 70-9 ¶ 18; Dkt. 70-9 ¶ 21; Dkt. 70-9 ¶ 23);

3. Amore Chinese Street (Dkt. 70-7 ¶ 33);

4. Flushing SK-II Shop (Dkt. 70-7 ¶ 53); and

5. The Missha Store at 136-79 Roosevelt Avenue (Dkt. 70-8 ¶ 27).

The chart attached to this brief as Exhibit A summarizes Named Plaintiffs' testimony about those individuals they spoke with and where such individuals worked.

By their own admission, Named Plaintiffs do not know anything about workers at any other stores besides these ten. In fact, several Named Plaintiffs testified they spoke with individuals at other stores, but provided no specific information about where these individuals worked. See generally Exhibit A. The record is thus devoid of evidence about any other store locations, including the names of other stores or how employees were paid at other stores, which would support a finding that employees at these stores should be included in the putative collective.

6

Courts in this Circuit routinely reject efforts to conditionally certify collectives on a statewide or metropolitan area basis where, as here, plaintiffs cannot demonstrate that employees at locations where they did not work were subject to the same allegedly unlawful policy or practice. *See, e.g.,* *Trinidad v. Pret A Manger*, 962 F. Supp. 2d 545, 557-60 (S.D.N.Y. 2013) (rejecting conditional certification for 33 New York City stores, finding that "plaintiffs have not demonstrated across all locations a uniform policy of failure to pay overtime compensation"); *Hamadou v. Hess Corp.*, 915 F. Supp. 2d 651, 666 (S.D.N.Y. 2013) (although certifying for Queens and Bronx service stations, rejecting proposed statewide conditional certification, finding that "Plaintiffs offer no evidence—not even hearsay—about stations elsewhere in the New York City metropolitan area or further upstate"); *Sharma v. Burberry Ltd.*, No. CV 12-6356 (LDW) (AKT), 2014 U.S. Dist. LEXIS 124382 at *38 (E.D.N.Y. Sept. 4, 2014) (although conditionally certifying for the two stores at which a former general manager with payroll duties supplied supporting information, rejecting conditional certification of 65 stores statewide, finding "vague assertions in his declaration, coupled with his lack of knowledge of any pay violations at other New York stores, do not warrant a finding that SAs at all New York stores are similarly situated to the Plaintiffs").

Therefore, at most, Named Plaintiffs have conditionally established they are "similarly situated" to retail sales employees at the five stores where they worked, and the five stores where those they attest to speaking with worked. They offer no evidence about how any of the other ten stores operated, or how employees at those stores were paid. Accordingly, any notice should be distributed only to the ten stores where Named Plaintiffs and the retail sales employee they identify in their affidavits actually worked.

II.     **PLAINTIFFS' PROPOSED NOTICE MUST BE MODIFIED.**

   A.     **THE NOTICE PERIOD IS THREE YEARS FROM THE DATE OF ANY ORDER REGARDING CONDITIONAL CERTIFICATION; EQUITABLE TOLLING IS NOT WARRANTED ON THIS RECORD.**

Any notice should be based on a three-year lookback period from the date of a conditional certification order.  Courts in this District consistently limit the limitations period to the three-year lookback period.  *See e.g.*, *Leier v. Lincoln Limousine Luxury Inc.*, 14-CV-03121 (PKC) (PK) (E.D.N.Y., filed May 14, 2014), Docket No. 70 (ordering notice to go out from three years from date of order rather than three years from complaint); *McBeth v. Gabrielli Truck Sales, Ltd.*, 768 F. Supp. 2d 396, 400 (E.D.N.Y. 2011); *Ritz v. Mike Rory Corp.*, No. 12 CV 367 (JBW)(RML), 2013 U.S. Dist. LEXIS 61634 (E.D.N.Y. Apr. 29, 2013); *Hotaranu v. Star Nissan Inc.*, No. 16 CV 5320 (KAM) (RML), 2017 U.S. Dist. LEXIS 56801 (E.D.N.Y. Apr. 12, 2017); *Lujan v. Cabana Mgmt.*, No. 10-CV-755 (ILG), 2011 U.S. Dist. LEXIS 9542 (E.D.N.Y. Feb. 1, 2011).

Named Plaintiffs fail to identify any unusual circumstances in this litigation to warrant equitable tolling.  *Martin v. Sprint/United Mgmt. Co.*, No. 15 Civ. 5237 (PAE), 2016 U.S. Dist. LEXIS 352 at *51-52 (S.D.N.Y. Jan. 4, 2016) (denying equitable tolling and finding three year notice period from date of the issuance of the court-approved notice was appropriate because plaintiffs failed to allege extraordinary circumstances and less than two and a half months elapsed since the filing of their first amended complaint and date of decision).  "[E]quitable tolling is considered a drastic remedy applicable only in rare and exceptional circumstances." *Contrera v. Langer*, 278 F. Supp. 3d 702, 723 (S.D.N.Y. 2017), *citing A.Q.C. ex rel. Castillo v. United States*, 656 F.3d 135, 144 (2d Cir. 2011).  "The Supreme Court has made clear, however, that the conditions for applying the doctrine are strict. 'Generally, a litigant seeking equitable tolling bears the burden of establishing two elements: (1) that he has been pursuing his rights diligently, and (2)

8

that some extraordinary circumstance stood in his way.'" *Id.* The second prong of the equitable tolling test "is met only where the circumstances that caused a litigant's delay are both extraordinary and beyond its control." *Knox v. John Varvatos Enters.*, 282 F. Supp. 3d 644, 658 (S.D.N.Y. 2017), *citing Menominee Indian Tribe of Wis. v. United States*, 136 S. Ct. 750, 756 (2016).

This case has proceeded in the normal course, and any delay is a result of Named Plaintiffs' conduct in seeking to amend their pleadings not once but twice. (Dkt. 51). *See Cheng XiaWang v. Shun Lee Palace Rest., Inc.*, No. 17-CV-00840 (VSB), 2018 U.S. Dist. LEXIS 108437, at *15 (S.D.N.Y. June 28, 2018) (denying request for equitable tolling because plaintiffs, represented by Troy Law, failed to establish any rare or exception circumstances justifying tolling). Accordingly, any notice should limited to three years preceding a conditional certification order.

**B.  NAMED PLAINTIFFS ARE NOT SIMILARLY SITUATED TO INDIVIDUALS WHO SIGNED ARBITRATION AGREEMENTS WITH CLASS AND COLLECTIVE ACTION WAIVERS.**

Since October 31, 2017, all retail sales employees of stores operated by the Corporate Defendants have signed arbitration agreements with class and collective action waivers as a condition of employment or continued employments. See Declaration of Xiu Qing Su, ¶ 2. Named Plaintiffs are not similarly situated to parties to such agreements, and therefore any retail sales employees who are signed arbitration agreements should not receive a notice. *See Morangelli v. Chemed Corp.*, No. 10-cv-0876 (BMC), 2010 U.S. Dist. LEXIS 146149, at *13 (E.D.N.Y. June 15, 2010) ("It would be a disservice to judicial efficiency to certify all technicians, when those with arbitration agreements are subject to additional, prolonging motion practice which will likely disqualify them from the class . . . Opt-in plaintiffs who cannot bring suit in federal court are simply not similarly situated with those who can.").

9

C.  **A NEUTRAL THIRD-PARTY SHOULD ADMINISTER THE NOTICE PROCESS.**

Defendants urge the Court to authorize a third-party administrator to collect the contact information of the putative collective to receive notice and administer the notice process. The use of a third-party administrator will safeguard the privacy of employees and non-employees who are not parties to this collective action and have not agreed to representation by counsel, and ensure the list is not used for any purpose other than the purpose ordered by the Court – notifying putative members of their right to join the case as laid out in the court-approved notice. There is no basis to provide counsel this information simply because Named Plaintiffs filed this lawsuit. *See Lewis v. Wells Fargo & Co.*, 669 F.Supp. 2d 1124, 1128 (N.D. Cal. Oct. 26, 2009) ("Plaintiffs ask[] the Court to order Defendant to provide their counsel with contact information for all putative class members so that counsel can provide them with court approved notice. The Court finds that it would be more appropriate to have a third-party claims administrative distribute the collective action notice. Although Plaintiffs correctly note that the Court is authorized to order the production of potential class members' contact information to Plaintiffs' counsel, they have not explained why it would be preferable for their counsel to oversee distribution of the notice. Contact information for Plaintiffs' counsel would be contained in the notice and the potential class members may contact counsel if they wish."); *Robinson v. Empire Equity Group, Inc.*, WDQ-09-1603, 2009 U.S. Dist. LEXIS 107607, at *19 (D. Md. Nov. 18, 2009); *In re American Family Mutual Insurance Co., Overtime Pay Litigation*, 06-cv-17430 (WYD)(CBS), 2009 U.S. Dist. LEXIS 11169, at *11 (D. Colo. Feb. 3, 2009).

Use of a third party administrator is particularly appropriate here because counsel for Named Plaintiffs has in the past not limited its use of such information to the authorized purpose: mailing of the court-ordered notice. *See, e.g., Gao v. Yellowstone Transportation*, 15-

10

cv-7439-LDW-AYS (E.D.N.Y.) (where Troy Law posted an unauthorized notice of the lawsuit and collective action on social media application WeChat to hundreds of users despite the Court explicitly denying Plaintiffs' request to publish the notice, Counsel admitted the post was seen by 557 "friends" on WeChat, and some individuals who opted into the case did not appear on Defendants' contact information list). A third party administrator will ensure the notice recipient and contact information list is not used for any other purpose other than the purpose ordered by the Court. Defendants agree to pay the costs of the third-party administrator.

### D. THE PROPOSED NOTICE MUST BE MODIFIED TO INCORPORATE ADDITIONAL REVISIONS THAT HAVE BEEN APPROVED BY COURTS IN THIS DISTRICT.

Additionally, Defendants request the Court cure the following deficiencies to Named Plaintiffs' proposed notice, many of which counsel agreed to before Named Plaintiffs withdrew their consent without explanation and proceeded with motion practice:[3]

1. The period of time to opt-in should be 60 days not 90 days. *See Hanchard-James v. Brookdale Family Care Ctrs.*, No. 12 Civ. 1922 (BMC), 2012 U.S. Dist. LEXIS 113118, at *20 (ordering opt-in window of sixty days if notices returned to plaintiffs' counsel and sixty-five days if returned to clerk of the Court).

2. Defense counsel's contact information should be included on the notice. *Anjum v. J.C. Penney Co.*, 13 CV 460 (RJD) (RER), 2015 U.S. Dist. LEXIS 73820, at *38 (E.D.N.Y. June 5, 2015) ("Defendants further request that the Notice contain the name, address, and telephone number of defense counsel. Courts in this Circuit have generally concluded that such information is appropriate for inclusion in a notice of collective action.") (internal citations

---

[3] Defendants' modifications to the proposed notice previously sent to opposing counsel in connection with negotiations over the form of notice are appended to the Klein Decl. at Exhibit C.

omitted); *see also Hanchard-James v. Brookdale Family Care Ctrs.*, 12 Civ. 1922 (BMC), 2012 U.S. Dist. LEXIS 113118 (E.D.N.Y. Aug. 9, 2012) (in which this Court approved of inclusion of contact information for Defendants' counsel in the notice).

3.  All references to the New York Labor Law (including reference to the spread of hours claim) (Dkt. 70-4 at 3) must be stricken. *Hanchard-James v. Brookdale Family Care Ctrs.*, 12 Civ. 1922 (BMC), 2012 U.S. Dist. LEXIS 113118 (E.D.N.Y. Aug. 9, 2012) ("the notice misleadingly implies that the spread-of-hours premium can be recouped through this FLSA collective action. Reference to strictly state-law violations should therefore be removed from the notice.").

4.  Plaintiffs seek permission to send a copy of the notice in Chinese (Dkt. 70-5, ¶ 2). Named Plaintiffs must provide Defendants with a proposed translated copy of the Notice, and permit Defendants adequate time to object to same. *Sobczak*, 540 F. Supp. 2d. at 365 ("In addition, a translated copy of the Notice must first be provided to defendants, who will have 10 business days from its receipt to submit any objections to that translation.").

5.  Named Plaintiffs' request that notice be published in a newspaper (Dkt. 70-5) and posted in Corporate Defendants' store should be denied because Named Plaintiffs have not shown why notice by first class mail is inadequate, as this Court has previously recognized they must. *See Morangelli*, 2010 U.S. Dist. LEXIS 146149 at \*14 (denying posting of notices at store branches because plaintiffs' failed to show why first class mail was insufficient). If the Court is inclined to permit newspaper publication, absent any showing by Named Plaintiffs that the mailing list is incomplete, Named Plaintiffs should bear the cost of any such publication. *Alvarez v. Michael Anthony George Const. Corp.*, 10-cv-5894 (DRH)(AKT), 2011 U.S. Dist. LEXIS 148456, at \*3 (E.D.N.Y. Dec. 27, 2011) ("Plaintiffs' contention that the mailing list should have contained

12

60-70 individuals [is] speculative . . . any costs associated with the [newspaper] publication are to be borne by the Plaintiffs."); *Gortat v. Capala Bros., Inc.*, No. 07-cv-3629 (ILG)(SMG), 2009 U.S. Dist. LEXIS 101837, at *10 (E.D.N.Y. Oct. 16, 2009) ("[G]iven the thoroughness of defendants' production with respect to the names of putative class members, and the lack of concrete information about there being additional employees, plaintiffs should pay for publication of the notice as a taxable expense.").)

      6.    Named Plaintiffs seek production of telephone numbers and e-mail addresses of putative collective members.  (Dkt. 71 at 18).  Assuming, *arguendo*, Corporate Defendants possessed such information, Named Plaintiffs have not demonstrated a need for it, as this Court has also previously recognized they must.  *Dalton v. Gem Fin. Servs.*, 15 Civ. 5636, 2016 U.S. Dist. LEXIS 88007, at *14-15 (E.D.N.Y. Jul. 7, 2016) ("I believe that the better reasoned view is that plaintiffs who choose not to respond to the written notice that will be sent to them by regular mail or email or both should not have to face additional solicitation efforts by telephone. Most consumers get more than enough unwanted telephone solicitations, and once a plaintiff elects not to participate in a collective action despite having received notice, courts should not facilitate more unsolicited approaches. In addition, as explained below, the written notice will be carefully constructed to balance the need for full disclosure against the possibility of either undue encouragement or discouragement from participating, and oral solicitations raise the possibility that the notice will be undermined. The Court will not, and could not, prevent plaintiffs from attempting to encourage participation in the case through any lawful means, but the Court, beyond approving the written notice, should not become a party to those efforts.").

      7.    It is appropriate for Opt-in Plaintiffs to return their consents to the Clerk of the Court. *Siewmungal v. Nelson Mgmt. Group Ltd.*, 11-cv-5018 (BMC), 2012 U.S. Dist. LEXIS

28181 (E.D.N.Y. Mar. 3, 2012) ) ("Similarly, a proposed notice may require potential plaintiffs to join the suit by returning their consent forms to the Clerk of the Court.") (citing *Searson v. Concord Mortg. Corp.*, No. 07 Civ. 3909 (DRH)(ARL), 2009 U.S. Dist. LEXIS 88926, at *7 (E.D.N.Y. Aug. 3, 2009); *Lujan v. Cabana Mgmt., Inc.*, 10-cv-755 (ILG), 2011 U.S. Dist. LEXIS 9542, 2011 WL 317984, at *13 (E.D.N.Y. Feb. 1, 2011); *Bowens v. Atl. Maint. Corp.*, 546 F. Supp. 2d 55, 84-85 (E.D.N.Y. 2008).

## <u>CONCLUSION</u>

If the Court grants conditional certification and permits notice, notice should be limited to retail sales employees at only certain stores operated by some of the Corporate Defendants, and the terms and manner of dissemination of the notice should be as addressed above.

Respectfully submitted,

JACKSON LEWIS P.C.
666 Third Avenue
New York, New York 10017
(212) 545-4000

Dated: November 27, 2018          By:     / Felice B. Ekelman
      New York, New York                      FELICE B. EKELMAN
                                     DOUGLAS J. KLEIN
                                     NIDHI SRIVASTAVA

*ATTORNEYS FOR DEFENDANTS*

14

## CERTIFICATE OF SERVICE

I hereby certify that on November 27, 2018 the foregoing document was filed electronically. Notice of this filing will be sent by operation of the Court's electronic filing system to all parties indicated on the electronic filing receipt. Parties may access this filing through the Court's system.

s/ Douglas J. Klein
Douglas.Klein@jacksonlewis.com

*ATTORNEYS FOR DEFENDANTS*

4839-2170-7649, v. 2