# TROY LAW, PLLC
ATTORNEYS / COUNSELORS AT LAW
Tel: 718 762 1324   johntroy@troypllc.com   Fax: 718 762 1342
41-25 Kissena Blvd., Suite 119, Flushing, New York 11355

November 27, 2019

<u>Via ECF</u>
Honorable Brian M. Cogan
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, NY 11201

Re: **Plaintiffs' Letter Motion Requesting Court Approval of Settlement Agreement**
*YANG et al. v EVERYDAY BEAUTY AMORE INC. et al., 18-cv-00729*

Dear Judge Cogan:

We are counsel to Plaintiffs in this case. We write to respectfully request that the Court approve the agreement settling this matter and dismiss the case with prejudice. The fully executed Settlement Agreement is attached hereto as Exhibit 1. For settlement purposes only, Defendants do not oppose this application.

### I.    Background

Named Plaintiffs LINGMIN YANG, LANQING LIN a/k/a Caroline Lin, YONG SHAN SU, LIXIAN QIAN, EN LIN XIAO a/k/a Annie Xiao, MEI HUI JIANG ("Named Plaintiffs") and HUAN HUAN KE, and XIAO LING WANG a/k/a Sandy Wang ("Opt-In Plaintiff") (Named Plaintiffs and Opt-In Plaintiffs referred to together as "Plaintiffs") asserted wage-hour claims against Defendants EVERYDAY BEAUTY AMORE INC.; EVERYDAY BEAUTY ARITAUM CORP.; EVERYDAY BEAUTY MISSHA CORP. and ; EVERYDAY AMORE LLC; EVERYDAY BEAUTY SHOP, INC.; EVERYDAY GROUP LLC; EVERY BEAUTY ARITAUM LAB INC.; EVERYDAY BEAUTY CORP; EVERYDAY BEAUTY LG INC.; EVERYDAY BEAUTY NATURE COLLECTION CORP.; EVERYDAY BEAUTY SHISEIDO CORP.; EVERYDAY BEAUTY SUPPLY INC.; and EVERYDAY HEALTH LLCXIAO LING WANG, and XIU QING SU, (collectively, "Defendants"),

This lawsuit was originally filed on February 01, 2018, for alleged violations of the Fair Labor Standards Act and New York Labor Law. Plaintiffs alleged they were

Hon. Brian M. Cogan
Page 2

employed by the Defendants and pursuant to the FLSA, that they were entitled to recover from the Defendants: (1) unpaid wages, (2) unpaid overtime wages, (3) liquidated damages, (4) prejudgment and post-judgement interest; and or (5) attorney's fees and costs. Plaintiffs further alleged pursuant to New York Labor Law § 650 et seq. and 12 New York Codes, Rules and Regulations §§ 146 ("NYCRR") that they are entitled to recover from the Defendants: (1) unpaid wages, (2) unpaid overtime compensation, (3) unpaid spread-of-hours premium, (4) up to five thousand dollars ($5,000) per Plaintiff for Defendants' failure to provide a Time of Hire Notice detailing rates of pay and payday, (5) up to five thousand dollars ($5,000) per Plaintiff for Defendants' failure to provide a paystub that accurately and truthfully lists employee's hours along with the employee's name, employer's name, employer's address and telephone number, employee's rate or rates of pay, any deductions made from employee's wages, any allowances claimed as part of the minimum wage, and the employee's gross and net wages for each pay day, (6) liquidated damages equal to the sum of unpaid minimum wage, unpaid "spread of hours" premium, unpaid overtime in the amount of twenty five percent under NYLL § 190 et seq., § 650 et seq., and one hundred percent after April 9, 2011 under NY Wage Theft Prevention Act, (7) 9% simple prejudgment interest provided by NYLL, (8) post-judgment interest, and (9) attorney's fees and costs.

Defendants deny all of Plaintiffs' claims of wrongdoing in their entirety. Defendants also deny that Plaintiffs were employees under the FLSA and/or NYLL of the individual defendant or any of the corporate defendants other than the corporate defendant(s) that operated the store(s) where they worked.

Defendants Everyday Beauty Amore Inc. and Everyday Beauty Aritaum Corp. (together "Counterclaim Plaintiffs") asserted counterclaims against the Named Plaintiffs for Breach of Contract, Unjust Enrichment, Conversion, Breach of Duty of Loyalty/Fiduciary Duty, Breach of Faithless Servant Doctrine, Misappropriation of Trade Secrets, and Unfair Competition (*see* DKT 56 at pp.45-51, ¶¶ 36-75) against Named Plaintiffs arising out of Plaintiffs alleged theft of Counterclaim Plaintiffs' confidential and proprietary information, including client information and converting Counterclaim Defendants' goods and money for personal use.

The parties have reached a settlement of $92,000, inclusive of attorneys' fees, to settle all of Plaintiffs' FLSA and NYLL claims and the counterclaims asserted against the Named Plaintiffs. The settlement includes a release of FLSA and NYLL claims by Plaintiffs, and a mutual general release of all claims between Counterclaim Plaintiffs and Named Plaintiffs against whom such claims were asserted (because the counterclaims were not asserted against the Opt-In Plaintiffs, the Opt-In Plaintiffs did not enter into a general release of claims).

## II.    The FLSA Settlement is Fair and Reasonable

Hon. Brian M. Cogan
Page 3

The court in <u>Wolinsky</u> sets forth the following criteria for determining whether a proposed settlement is fair and reasonable:

> In determining whether the proposed settlement is fair and reasonable, a court should consider the totality of circumstances, including but not limited to the following factors: (1) the plaintiff's range of possible recovery; (2) the extent to which the settlement will enable the parties to avoid anticipated burdens and expenses in establishing their respective claims and defenses; (3) the seriousness of the litigation risks faced by the parties; (4) whether the settlement agreement is the product of arm's-length bargaining between experienced counsel; and (5) the possibility of fraud or collusion.

<u>Wolinsky v. Scholastic Inc.</u>, 900 F. Supp. 2d 332, 335 (S.D.N.Y. 2012) (internal quotations and citations omitted).

Based on Plaintiffs' estimated total alleged damages, the amount of Ninety-Two Thousand Five Hundred Dollars ($92,500.00) (inclusive of Plaintiffs' legal fees) is fair and the proposed settlement agreement should be approved. This settlement was the result of a contested litigation and arm's-length bargaining between experienced counsel, and guidance of this Court.

In this context, we note that the litigation risks faced by the parties are substantial. Plaintiffs claimed that they were not paid at least the minimum hourly wage rate for all hours worked, and one and one half times the rate of regular hourly rate in excessing of forty hours (40) in a given workweek. If this settlement agreement does not go through, then the parties would go forward to a full trial on the merits. Plaintiffs would run the risk of recovering an amount lesser than the amount they are receiving in the settlement, if they recovered anything. Defendants contend Plaintiffs did not work as many hours as they allege. Should Defendants prevail, Plaintiffs would not be due any claimed overtime pay whatsoever. Defendants produced time and pay records which call into question whether Plaintiffs' unpaid overtime claim is credible.

Plaintiffs also contend that they are due damages because they were not provided with proper wage notices and wage statements pursuant to the NYLL. Defendants provided all appropriate notices and statements to Plaintiffs pursuant to the NYLL (which documents were produced in the case). Defendants also contend that at least some of the Plaintiffs could recover only up to $2,500 for their wage notice and wage statement claims if they prevailed because they worked prior to February 27, 2015, when the maximum recovery for such claims under the NYLL was $2,500 not $5,000. See <u>Hui v. Shorty's Seafood Corp.</u>, 15-cv-7295 (RJD)(ST), 2017 U.S. Dist. LEXIS 145176 at *27 (E.D.N.Y. Sept. 6, 2017) (discussing penalties damages available for NYLL Section 195

wage notice and wage statement violations before and after the NYLL amendments which took effect February 27, 2015). If the case proceeds absent a settlement, the determination of the case could be the subject of a further appeal. Further litigation would lead to increased litigation costs, use of judicial resources, and extensive delay of resolution. In light of these factors, including the serious risks posed by further litigation, this settlement agreement is a reasonable compromise over the contested issues and the Court's approval is appropriate. We believe for all of the reasons stated in this letter, the Cheeks v. Freeport Pancake House, Inc., 796 F. 3d 199, 206 (2d Cir. 2015) factors have been satisfied.

### A. Plaintiffs' Assessment

Plaintiffs' counsel evaluated Plaintiffs' potential damages by discussing with Plaintiffs in great detail the length of their employment, the nature of their work, the hours they worked, and the pay they received as compensation.

Calculations were made based on this review and the potential damages for the Plaintiffs are as follows:

Plaintiff LINGMIN YANG claimed that she worked approximately fifty (50) hours on average each week from April 20, 2014 to August 11, 2017; and she was paid Eleven Dollars ($11.00) per hour from April 20, 2014 to September 26, 2016; and Twelve Dollars ($12.00) per hour from September 27, 2016 to August 11, 2017.

Plaintiff LINGMIN YANG's alleged minimum wage and overtime compensation shortfall without liquidated damages under the FLSA during the applicable FLSA statutory period was Five Thousand Nine Hundred Ninety-Eight Dollars And Fifty-Seven Cents ($5,998.57) and her alleged minimum wage and overtime compensation shortfall under the NYLL during the applicable NYLL statutory period was Eight Thousand Two Hundred Fifty-Three Dollars And Fifty-Seven Cents ($8,253.57). Additionally, Plaintiff LINGMIN YANG claimed Five Thousand Dollars ($5,000.00) for NYLL paystub violations and Five Thousand Dollars ($5,000.00) for NYLL Initial Time-of-Hire Notice Violations, and Two Thousand Nine Hundred Ten Dollars And Six Cents ($2,910.06) in New York pre-judgment interest. Plaintiffs calculate for that the sum of one NYLL back wage and liquidated damages, plus NYLL paystub and time-of-hire notice violation, with prejudgment interest, is Twenty-Nine Thousand Four Hundred Seventeen Dollars And Twenty-One Cents ($29,417.21).

Plaintiff LANQING LIN a/k/a Caroline Lin claimed that she worked approximately fifty (50) hours on average each week from September 18, 2016 to August 11, 2017; and she was paid Ten Dollars ($10.00) per hour from September 18, 2016 to December 30, 2016; and Fifteen Dollars ($15.00) per hour from December 31, 2016 to August 11, 2017.

Hon. Brian M. Cogan
Page 5

Plaintiff LANQING LIN a/k/a Caroline Lin's alleged minimum wage and overtime compensation shortfall without liquidated damages under the FLSA during the applicable FLSA statutory period was Three Thousand Six Hundred Thirty-Four Dollars And Twenty-Nine Cents ($3,634.29) and her alleged minimum wage and overtime compensation shortfall under the NYLL during the applicable NYLL statutory period was Four Thousand Three Hundred Ninety-Four Dollars And Twenty-Nine Cents ($4,394.29). Additionally, Plaintiff LANQING LIN claimed Five Thousand Dollars ($5,000.00) for NYLL paystub violations and Five Thousand Dollars ($5,000.00) for NYLL Initial Time-of-Hire Notice Violations, and One Thousand Seventy Dollars And Twenty Cents ($1,070.20) in New York pre-judgment interest. Plaintiffs calculate that the sum of one NYLL back wage and liquidated damages, plus NYLL paystub and time-of-hire notice violation, with prejudgment interest, is Nineteen Thousand Eight Hundred Fifty-Eight Dollars And Seventy-Seven Cents ($19,858.77).

Plaintiff YONG SHAN SU claimed that she worked approximately fifteen (15) hours on average each week from July 01, 2016 to August 11, 2017; and she was paid Nine Dollars ($9.00) per hour from July 01, 2016 to December 30, 2016; and Ten Dollars And Fifty Cents ($10.50) per hour from December 31, 2016 to August 11, 2017.

Plaintiff YONG SHAN SU's alleged minimum wage and overtime compensation shortfall without liquidated damages under the FLSA during the applicable FLSA statutory period was Seventy-Six Dollars And Sixty-Five Cents ($76.65) and her alleged minimum wage and overtime compensation shortfall under the NYLL during the applicable NYLL statutory period was Three Hundred Ninety-Two Dollars And Sixty-Four Cents ($392.64). Additionally, Plaintiff YONG SHAN SU claimed Five Thousand Dollars ($5,000.00) for NYLL paystub violations and Five Thousand Dollars ($5,000.00) for NYLL Initial Time-of-Hire Notice Violations, and Ninety-Nine Dollars And Forty-Six Cents ($99.46) in New York pre-judgment interest. Plaintiffs calculate that the sum of one NYLL back wage and liquidated damages, plus NYLL paystub and time-of-hire notice violation, with prejudgment interest, is Ten Thousand Eight Hundred Eighty-Four Dollars And Seventy-Three Cents ($10,884.73).

Plaintiff LIXIAN QIAN claimed that she worked approximately fifty-five (55) hours on average each week from November 17, 2014 to July 22, 2015; and she was paid Eight Dollars ($8.00) per hour from November 17, 2014 to December 31, 2014; and Nine Dollars ($9.00) per hour from January 01, 2015 to July 22, 2015.

Plaintiff LIXIAN QIAN's alleged minimum wage and overtime compensation shortfall without liquidated damages under the FLSA during the applicable FLSA statutory period was One Thousand Six Hundred Fifty-Eight Dollars And Fifty-Seven Cents ($1,658.57) and her alleged minimum wage and overtime compensation shortfall under the NYLL during the applicable NYLL statutory period was Two Thousand Three

Hundred Forty-Seven Dollars And Fifty Cents ($2,347.50). Additionally, Plaintiff LIXIAN QIAN claimed Five Thousand Dollars ($5,000.00) for NYLL paystub violations and Five Thousand Dollars ($5,000.00) for NYLL Initial Time-of-Hire Notice Violations, and Nine Hundred Eighty-Four Dollars And Forty Cents ($984.40) in New York pre-judgment interest. Plaintiffs calculate that the sum of one NYLL back wage and liquidated damages, plus NYLL paystub and time-of-hire notice violation, with prejudgment interest, is Fifteen Thousand Six Hundred Seventy-Nine Dollars And Forty Cents ($15,679.40).

Plaintiff EN LIN XIAO a/k/a Annie Xiao claimed that she worked approximately fifty (50) hours on average each week from April 10, 2017 to April 15, 2017; for about twenty-five (25) hours on average each week from April 16, 2017 to August 05, 2017; and she was paid Seven Dollars ($7.00) per hour from April 10, 2017 to April 15, 2017; and Ten Dollars And Fifty Cents ($10.50) per hour from April 16, 2017 to August 05, 2017.

Plaintiff EN LIN XIAO a/k/a Annie Xiao's alleged minimum wage and overtime compensation shortfall without liquidated damages under the FLSA during the applicable FLSA statutory period was Thirty-Eight Dollars And Fifty-Seven Cents ($38.57) and her alleged minimum wage and overtime compensation shortfall under the NYLL during the applicable NYLL statutory period was Nine Hundred Forty-Six Dollars And Twenty-Nine Cents ($946.29). Additionally, Plaintiff EN LIN XIAO claimed Five Thousand Dollars ($5,000.00) for NYLL paystub violations and Five Thousand Dollars ($5,000.00) for NYLL Initial Time-of-Hire Notice Violations, and Two Hundred Seven Dollars And Thirty Cents ($207.30) in New York pre-judgment interest. Plaintiffs calculate that the sum of one NYLL back wage and liquidated damages, plus NYLL paystub and time-of-hire notice violation, with prejudgment interest, is Twelve Thousand Ninety-Nine Dollars And Eighty-Seven Cents ($12,099.87).

Plaintiff MEI HUI JIANG claimed that she worked approximately twenty (20) hours on average each week from August 21, 2016 to May 28, 2017; and she was paid Nine Dollars ($9.00) per hour from August 21, 2016 to December 31, 2016; and Ten Dollars And Fifty Cents ($10.50) per hour from January 01, 2017 to May 28, 2017.

Plaintiff MEI HUI JIANG's alleged minimum wage and overtime compensation shortfall under the NYLL during the applicable NYLL statutory period was One Thousand Two Hundred Eight Dollars And Eighty-Six Cents ($1,208.86). Additionally, Plaintiff MEI HUI JIANG claimed Five Thousand Dollars ($5,000.00) for NYLL paystub violations and Five Thousand Dollars ($5,000.00) for NYLL Initial Time-of-Hire Notice Violations, and Three Hundred Fourteen Dollars And Eighty-Eight Cents ($314.88) in New York pre-judgment interest. Plaintiffs calculate that the sum of one NYLL back wage and liquidated damages, plus NYLL paystub and time-of-hire notice violation, with

prejudgment interest, is Twelve Thousand Seven Hundred Thirty-Two Dollars And Sixty Cents ($12,732.60).

Plaintiff HUAN HUAN KE claimed that she worked approximately fifty (50) hours on average each week from June 20, 2015 to September 13, 2017; and she was paid Nine Dollars ($9.00) per hour from June 20, 2015 to September 17, 2016.

Plaintiff HUAN HUAN KE's alleged minimum wage and overtime compensation shortfall without liquidated damages under the FLSA during the applicable FLSA statutory period was One Thousand Four Hundred Thirty-Three Dollars And Fifty-Seven Cents ($1,433.57) and her alleged minimum wage and overtime compensation shortfall under the NYLL during the applicable NYLL statutory period was Two Thousand Nine Hundred Thirty-One Dollars And Forty-Three Cents ($2,931.43). Additionally, Plaintiff HUAN HUAN KE claimed Five Thousand Dollars ($5,000.00) for NYLL paystub violations and Five Thousand Dollars ($5,000.00) for NYLL Initial Time-of-Hire Notice Violations, and One Thousand Ten Dollars And One Cent ($1,010.01) in New York pre-judgment interest. Plaintiffs calculate that the sum of one NYLL back wage and liquidated damages, plus NYLL paystub and time-of-hire notice violation, with prejudgment interest, is Sixteen Thousand Eight Hundred Seventy-Two Dollars And Eighty-Seven Cents ($16,872.87).

Plaintiff XIAO LING WANG a/k/a Sandy Wang claimed that she worked approximately forty-five (45) hours on average each week from April 01, 2017 to January 20, 2018; and she was paid Eight Dollars And Seventy-Five Cents ($8.75) per hour from April 01, 2017 to April 14, 2017; and Ten Dollars ($10.00) per hour from April 15, 2017 to January 20, 2018.

Plaintiff XIAO LING WANG a/k/a Sandy Wang's alleged minimum wage and overtime compensation shortfall without liquidated damages under the FLSA during the applicable FLSA statutory period was One Thousand Three Dollars And Fifty-Seven Cents ($1,003.57) and her alleged minimum wage and overtime compensation shortfall under the NYLL during the applicable NYLL statutory period was One Thousand Three Dollars And Fifty-Seven Cents ($1,003.57). Additionally, Plaintiff XIAO LING WANG a/k/a Sandy Wang claimed Five Thousand Dollars ($5,000.00) for NYLL paystub violations and Five Thousand Dollars ($5,000.00) for NYLL Initial Time-of-Hire Notice Violations, and Two Hundred Dollars And Twelve Cents ($200.12) in New York pre-judgment interest. Plaintiffs calculate that the sum of one NYLL back wage and liquidated damages, plus NYLL paystub and time-of-hire notice violation, with prejudgment interest, is Twelve Thousand Two Hundred Seven Dollars And Twenty-Six Cents ($12,207.26).

Plaintiffs' Damages Calculation is attached hereto as Exhibit 02.

After review of the wage-hour documents presented by counsel for Defendants, extensive negotiations, and given the inherent risks of litigation and Defendants' capacity to pay any possible judgment, Plaintiffs and Defendants agreed to settle for the proposed settlement amount of Ninety-Two Thousand Five Hundred Dollars ($92,500.00) inclusive of attorney fees of the Plaintiff's counsel.

### B. Defendants' Assessment

Plaintiffs were paid properly for all hours worked, as reflected in the contemporaneous time records from Plaintiffs' employment, including those presented to Plaintiffs' counsel in this case. Plaintiffs also received accurate time-of-hire notices and wage statements as required under the NYLL.

Assuming, *arguendo,* Plaintiffs could recover for alleged back wages owed as they claim they could, Plaintiffs are not entitled to recover the cumulative damages they have claimed under both Fair Labor Standards Act ("FSLA") and the New York Labor Law ("NYLL"). As such, Plaintiffs' double calculation of damages under FSLA and NYLL is without merit.. See generally Tapia v. BLCH 3rd Ave. LLC, 906 F.3d 58, 61 (2d Cir. 2018) (district court properly declined to award cumulative liquidated damages); Rana v. Islam, 887 F.3d 118, 123 (2d Cir. 2018) (vacating a judgment under the FLSA in favor of a larger judgment under the NYLL on the ground that the FLSA did not allow duplicative liquidated damages).

There is also no evidence of willful violations of any of the wage-hour laws invoked, and the Court has the discretion to reduce or deny the liquidated damages if the employer shows that its action was in good faith and that he had reasonable grounds to believe that his act or omission was not a violation of FLSA or willful underpayment under NYLL. Armata v. Unique Cleaning Servs., LLC, 13-CV-3625 (DLI) (RER), 2015 U.S. Dist. LEXIS 180995, at *20 (E.D.N.Y. Sept. 14, 2015) (the court may, in its sound discretion, award no liquidated damages). If the case proceeds absent a settlement, Defendants' time and pay records prove that none of the alleged violations was in bad faith and there was no willful underpayment.

### III. The Attorneys' Fees Are Fair and Reasonable

Defendants will provide Plaintiff with a settlement in the amount of Ninety-Two Thousand Five Hundred Dollars ($92,500.00).

In exchange for and in consideration of the covenants and promises contained in the Agreement, , Corporate Defendants will provide Plaintiffs with the Settlement Sum pursuant to the Agreement payable as follows:

Hon. Brian M. Cogan
Page 9

The out-of-pocket expenses, which are necessary and incidental to the representation of Plaintiffs, are Two Thousand Thirty Dollars ($2,030.00). The net amount after the Settlement Sum has been reduced by out-of-pocket expenses is Ninety Thousand Four Hundred Seventy Dollars ($90,470.00).

Of that amount, One Third (1/3), or Thirty Thousand One Hundred Fifty-Six Dollars And Sixty-Seven Cents($30,156.67), is due to Plaintiffs' attorneys, Troy Law, PLLC, in addition to out-of-pocket expenses of Two Thousand Thirty Dollars ($2,030.00) for a total of Thirty-Two Thousand One Hundred Eighty-Six Dollars And Sixty-Seven Cents ($32,186.67), and Two Thirds (2/3), or Sixty Thousand Three Hundred Thirteen Dollars And Thirty-Three Cents ($60,313.33) is due to Plaintiffs.

Of the Settlement Amount due to Plaintiffs:

    01) Twenty-Two And Sixty-Seven Hundredth Percent (22.67%), or Thirteen Thousand Six Hundred Seventy-Three Dollars And Three Cents ($13,673.03) is due to Plaintiff LINGMIN YANG;

    02) Fifteen And Thirty-One Hundredth Percentp (15.31%), or Nine Thousand Two Hundred Thirty-Three Dollars And Ninety-Seven Cents ($9,233.97) is due to Plaintiff LANQING LIN a/k/a Caroline Lin;

    03) Eight And Thirty-Nine Hundredth Percent (8.39%), or Five Thousand Sixty Dollars And Twenty-Nine Cents ($5,060.29) is due to Plaintiff YONG SHAN SU;

    04) Twelve And Eight Hundredth Percent (12.08%), or Seven Thousand Two Hundred Eighty-Five Dollars And Eighty-Five Cents ($7,285.85) is due to Plaintiff LIXIAN QIAN;

    05) Nine And Thirty-Three Hundredth Percent (9.33%), or Five Thousand Six Hundred Twenty-Seven Dollars And Twenty-Three Cents ($5,627.23) is due to Plaintiff EN LIN XIAO a/k/a Annie Xiao;

    06) Nine And Eighty-One Hundredth Percent (9.81%), or Five Thousand Nine Hundred Sixteen Dollars And Seventy-Four Cents ($5,916.74) is due to Plaintiff MEI HUI JIANG;

    07) Thirteen  (13.00%), or Seven Thousand Eight Hundred Forty Dollars And Seventy-Three Cents ($7,840.73) is due to Plaintiff HUAN HUAN KE; and

    08) Nine And Forty-One Hundredth Percent (9.41%), or Five Thousand Six Hundred Seventy-Five Dollars And Forty-Eight Cents ($5,675.48) is due to Plaintiff XIAO LING WANG a/k/a Sandy Wang.

Hon. Brian M. Cogan
Page 10

      The retainer agreements agreed to and signed by Plaintiffs provided that Plaintiffs' counsel could recover One Third (1/3) of net recovery of any settlement in addition to costs and expenses. Plaintiffs' Counsel seek only One Third (1/3) of net recovery of any settlement in addition to costs and expenses. In this calculation, Troy Law, PLLC has shouldered one third (1/3) of all out-of-pocket expenses, while the clients have shouldered two thirds (2/3) of all out-of-pocket expenses. A contemporaneous Time & Billing with itemized expense list is attached (<u>See</u> Exhibit 3).

      For settlement purposes only, Defendants do not oppose the fee application by Plaintiffs' counsel.

      For the reasons provided above, the parties respectfully seek this Court's approval of the settlement.

Respectfully Submitted,

                                    **TROY LAW PLLC**
                                    *Attorneys for Plaintiffs*

                                    <u>/s/ John Troy</u>
                                    John Troy, Esq.
                                    41-25 Kissena Blvd., Suite 119
                                    Flushing, NY 11355
                                    Tel.: 718 762 1324